Argued September 24, reversed October 2, petition for rehearing
denied October 29, 1970

## CITY OF BEAVERTON, *Appellant, v.* HARRIS, *Respondent,* CITY OF BEAVERTON, *Appellant, v.* FISHER ET AL, *Respondents.*

474 P2d 771

*Jon B. Lund,* Beaverton, argued the cause for appellant. With him on the brief were Rodney C. Adams and Thompson & Adams, Beaverton.

*Lewis B. Hampton,* Beaverton, argued the cause for respondents. On the brief were Myatt, Bolliger, Hampton & Freerksen, Beaverton.

Before Schwab, Chief Judge, and Langtry and Branchfield, Judges.

LANGTRY, J.

The City of Beaverton appeals from a judgment of the circuit court which held invalid its attempt to impose an occupation tax upon real estate businesses operating in the city of Beaverton. The sum of $12 per year was purportedly levied as a business and occupation tax under Ordinance No. 211 of the city.

ORS ch 696 provides for licensing and regulation of real estate businesses, brokers and salesmen within the state. ORS 696.110 (2) provides that "no other license or fee" shall be required of any such licensee by any city or other political subdivision of the state. The city concedes on this appeal that the legislature may, by general law, preclude cities from levying local taxes upon particular businesses and industries. Examples of such exemptions are: insurance businesses and their representatives under ORS 731.840 (4); establishments operating pari mutuel betting under ORS 462.100, and financial institutions under ORS 317.065. In each of these the exemption statute specifically exempts from a local government "tax" as well as license. ORS 696.110 (2) is different in that it does not include the word "tax" in the exemption.

The city's ordinance, consistent with charter authority, provides that all businesses, etc., in the city shall pay an annual "occupation tax" for the purpose of town revenue. Nowhere in the ordinance are the words "license" or "fee" used, nor is any provision directed toward regulation of any business. The terms of the

ordinance do make it unlawful to operate any business that does not pay the tax.

In *Terry v. City of Portland et al*, 204 Or 478, 506, 269 P2d 544 (1954), *appeal dismissed*, 348 US 979, 75 S Ct 571, 99 L Ed 762 (1955), the Oregon Supreme Court said:

> "A law enacted solely in the exercise of the power to tax, manifestly, does not regulate and, therefore, it cannot preempt regulation * * *."

See also discussion at 501, and quotation therefrom in *Haugen v. Gleason et al*, 226 Or 99, 104, 359 P2d 108 (1961).

The subject of ORS ch 696 is regulation of real estate business. The amount of the fees charged for the licenses for the businesses regulated is $25 per year for brokers and $15 per year for salesmen. ORS 696.270. The subject of the statutes concerning insurance businesses, pari mutuel betting establishments and financial institutions, mentioned supra, is regulation and taxation for revenue. Under ORS 731.804 et seq., insurance businesses are required to pay regulatory license fees and a substantial percentage of gross premiums they collect which are revenue excise taxes. Under ORS 462.057, upon pari mutuel betting establishments a substantial license fee and substantial percentages of gross wagering are levied by the state. The substantial revenues are allocated to finance other state functions. Under ORS 317.055 and 317.060 financial institutions are required to pay the state an excise tax of 8 per cent of net income. Thus, the legislature's pattern of exempting each of these categories from local "taxation" and "licenses," but only exempting "licenses or fees" for real estate businesses fits into a logical pattern. The revenue taxes levied by the

state on the first three are in lieu of all local occupation taxes. Inasmuch as the state levies only a regulatory fee on the latter, the exemption from local occupation taxes is withheld.

This question apparently has not previously been the subject of appellate litigation in Oregon, but the Attorney General in two opinions has indicated that real estate businesses are exempt from local "license taxes." 28 Ops Atty Gen 204, No. 3889 (1957), and 34 Ops Atty Gen 1089, No. 6716 (1970). In neither opinion did the writer indicate that he had considered the distinction between an occupation tax and a license fee in the manner in which it has been here analyzed. However, in 34 Ops Atty Gen 1066, No. 6711 (1970), the Attorney General noted, in an opinion concerning exemption of insurance businesses from the tax of the Tri-County Metropolitan Transportation District (see *Horner's Market v. Tri-County Trans.*, 2 Or App 288, 467 P2d 671, Supreme Ct *review denied,* 256 Or 124, 471 P2d 798 (1970)), that the exemption of that category under ORS 731.840 (4) "preempts" taxation as well as regulation by the state to the exclusion of local government.

Our review of decisions from other jurisdictions has not been helpful, for they construe statutes and ordinances which are in varying degrees different than those which we here interpret.

We conclude that taxation of real estate businesses under the ordinance is for no regulatory purpose and does not fall within the prohibition of ORS 696.110 (2).

Reversed.