IN RE HARTMAN, ALLEGED JUVENILE TRAFFIC OFFENDER.

[Cite as In re Hartman (1983), 2 Ohio St. 3d 154.]

(No. 82-19—Decided January 5, 1983.)

*Mr. Stephen P. Gehres,* for appellant.

*Mr. Stephen E. Keister,* prosecuting attorney, and *Mr. Charles F. Koch,* for appellee.

LOCHER, J. We are presented with the following question for review: Does R.C. 2501.02 proscribe the appeal of juvenile court judgments and final orders rendered in juvenile traffic offender proceedings? In particular, this court must determine the import of the word "including" as used in the statute, for the disposition of the instant matter is clearly contingent upon the meaning herein ascribed to that term.

R.C. 2501.02(A) provides that the courts of appeals shall have jurisdiction:

"Upon an appeal upon questions of law to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals within the district, including the finding, order or judgment of a juvenile court that a child is delinquent, neglected, abused, or dependent, for prejudicial error committed by such lower court."

The court of appeals, in the case at bar, ruled that only the classifications of juvenile court judgments specifically enumerated following the term "including" in R.C. 2501.02(A) are appealable. Appellant contends, however, that these classifications are merely examples of appealable juvenile court judgments. After carefully scrutinizing the disputed provision, we are convinced that appellant states the better case.

In discerning the meaning of "including" as the General Assembly intended to employ the term in R.C. 2501.02, the dictates of the codified rules of statutory construction and, in particular, R.C. 1.42, must be followed. R.C. 1.42 states, in relevant part, that: "Words and phrases shall be read in context and construed according to the rules of grammar and common usage. * * *"

To ascertain the common usage of the word "including," it is appropriate to consult Webster's Third New International Dictionary. Therein, "include" of which "including" is a participle is defined as meaning:

"[T]o place, list, or rate as a part or component of a whole or of a larger

group, class, or aggregate. * * * To take in, enfold, or comprise as a discrete or subordinate part or item of a larger aggregate group or principle. * * *"

In short, "including" implies that that which follows is a partial, not an exhaustive listing of all that is subsumed within the stated category. "Including" is a word of expansion rather than one of limitation or restriction. Indeed, the United States Supreme Court, defining "including" within the context of Section 26 of the Federal Farm Loan Act of 1916, stated that "the term 'including' is not one of all-embracing definition, but connotes simply an illustrative application of the general principle." *Federal Land Bank of St. Paul* v. *Bismarck Lumber Co.* (1941), 314 U.S. 95, at 100. See, also, *Phelps Dodge Corp.* v. *NLRB* (1941), 313 U.S. 177, 189, where "including" was similarly defined in relation to Section 10(c) of the National Labor Relations Act.

The use of the word "including" in R.C. 2501.02 can only be said to enumerate some, but not all, of the classes of juvenile court judgments subject to appeal. The employment of the term in no way denies those adjudged juvenile traffic offenders the right of appeal. Had the General Assembly intended to except juvenile court adjudications involving such offenders from the treatment accorded adjudications relating to delinquent, neglected, abused or dependent children, it could easily have done so by adopting the necessary exclusionary language. This, it chose not to do. Consequently, the court of appeals has jurisdiction over the subject judgment just as it does, pursuant to R.C. 2501.02, over other final judgments rendered by inferior courts of record. For us to hold otherwise would be to construe "including" as a term of limitation and exclusion, in direct contravention of clear legislative intent and common word usage.

The case at bar offers what is for this court a novel legal question. The United States Fifth Circuit Court of Appeals, however, previously addressed virtually the same issue when it was asked to define "including," as the word was used in a federal statute delineating the jurisdiction of the Customs Court. *Argosy Limited* v. *Hennigan* (1968), 404 F. 2d 14. In holding that the term was to be read within the context of Section 1583, Title 28, U.S. Code[1] in an expansive rather than restrictive manner, the court stated that "including" conveys the conclusion that there are other items includable, though

---

[1] Former Section 1583, Title 28, U.S. Code, read:

"The Customs Court shall have exclusive jurisdiction to review on protest the decisions of any collector of customs, including all orders and findings entering into the same, as to the rate and amount of duties chargeable and as to all exactions of whatever character within the jurisdiction of the Secretary of the Treasury; decisions excluding any merchandise from entry or delivery, under any provision of the customs laws; and the liquidation or reliquidation of any entry, or the refusal to pay any claim for drawback or to reliquidate an entry for a clerical error as provided by the customs laws."

In *Argosy Limited* v. *Hennigan, supra,* the court ruled that the Custom Court's jurisdiction was not limited only to reviewing the collector's decisions as to the rate and amount of duties assessed imports, but also included the right to review his underlying decision as to whether an article was indeed an import.

not specifically enumerated by the statutes." *Id.* at 20. We can but agree with the logic expressed in *Argosy* and follow it in reaching our decision today. See, also, *United States* v. *Huber* (C.A. 2, 1979), 603 F. 2d 387.

Finally, this court finds R.C. 2151.01 to compel the herein ruling. This statute provides, in pertinent part:

"The sections in Chapter 2151 of the Revised Code, with the exception of those sections providing for the criminal prosecution of adults, shall be liberally interpreted and construed so as to effectuate the following purposes:

"* * *

"(D) To provide judicial procedures through which Chapter 2151 of the Revised Code is executed and enforced, and in which the parties are assured of a fair hearing, and their constitutional and other legal rights are recognized and enforced."

For us to hold that juvenile court judgments relating to juvenile traffic offender proceedings are not appealable would scarcely constitute the liberal construction mandated by R.C. 2151.01. Absent explicit authorizing language, the juvenile courts may not wield unilateral, non-reviewable power to adjudicate juvenile traffic offender complaints. This court cannot award to juvenile courts by judicial fiat that which was not endowed by statute.

Accordingly, the appellate court's judgment dismissing, *sua sponte*, appellant's appeal for lack of jurisdiction is reversed, and the cause is remanded to the court of appeals for further proceedings as are consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

W. BROWN, SWEENEY and C. BROWN, JJ., concur.

CELEBREZZE, C.J., HOLMES and KRUPANSKY, JJ., dissent.


CELEBREZZE, C.J., dissenting. Because I would affirm the court of appeals, I must respectfully dissent.

In my view, the majority incorrectly reads into R.C. 2501.02 the right to appeal a finding of a juvenile court that a child is a juvenile traffic offender. As a result, I feel that the court of appeals below correctly dismissed the instant appeal for lack of jurisdiction.

R.C. 2501.02(A) grants the courts of appeals jurisdiction only over an "order or judgment of a juvenile court that a child is delinquent, neglected, abused, or dependent." Plainly absent is a grant of jurisdiction to the court of appeals over an order of a juvenile court that a child is a juvenile traffic offender.

The majority seizes upon the word "including" as used in R.C. 2501.02(A) to justify its determination that such a right to appeal exists. While I have no quarrel with the majority's extensive treatment of the definition of "including," I am convinced that the word's placement in the statute

does not lead to the result reached by the majority. "Including" in R.C. 2501.02 clearly modifies "judgments or final orders of courts of record inferior to the court of appeals within the district." It does not modify, as the majority reasons, "judgment of a juvenile court." Consequently, it is a strained interpretation of R.C. 2501.02(A) that would hold that the list of appealable juvenile court orders in the above statute is non-exclusive.

Moreover, as I stated in *In re Becker* (1974), 39 Ohio St. 2d 84 [68 O.O.2d 50], a case interpreting R.C. 2501.02(A), "* * * specifically, absent a finding that a child is delinquent, neglected, or dependent, no appeal is available." *Id.* at 86.

At the time of the decision in *Becker, supra,* R.C. 2501.02(A) only listed "delinquent, neglected, or dependent." The statute has since been amended to include "abused" children cases. Thus, a majority of this court has previously expressed its opinion that the list of juvenile court judgments which are appealable under R.C. 2501.02(A) is *exclusive.*

The majority states, "* * * [t]his court cannot award to juvenile courts by judicial fiat that which was not endowed by statute." Ironically, the majority disregards its own admonition by awarding appellate jurisdiction to the courts of appeals over matters specifically excluded from the grant of jurisdiction by the General Assembly. Often we walk a fine line between judicial interpretation and judicial legislation. In the cause *sub judice,* the majority has wandered across that line into the realm of the General Assembly to achieve its result. I cannot countenance such an approach.

Accordingly, I would affirm the decision of the court of appeals below.

KRUPANSKY, J., dissenting. The majority adopts the position advanced by appellant and determines the four categories listed in R.C. 2501.02(A) comprise examples of appealable juvenile court judgments, rather than comprising an exhaustive list of those judgments. Consequently, the majority concludes lower court findings relating to juvenile traffic offenders, although not specifically enumerated in R.C. 2501.02(A), are appealable to the court of appeals. I feel this construction of R.C. 2501.02(A) is erroneous and I must, therefore, respectfully dissent.

The majority states "[t]he use of the word 'including' in R.C. 2501.02 can only be said to enumerate some, but not all, of the classes of juvenile court judgments subject to appeal." In support of its conclusion the majority explains " 'including' implies that that which follows is a partial, not an exhaustive listing of all that is subsumed within the stated category." However, the majority's analysis conveniently ignores the fact that only *one* category of a mere five possible categories is missing from the "partial" list in R.C. 2501.02(A). While I would agree with the majority's assessment that " '[i]ncluding' is a word of expansion rather than one of limitation or restriction," this generalization must be tempered by the context in which the word is found. In the instant situation reading the word "including" in context seems to disclose that the list of four categories found in R.C. 2501.02(A) was intended to be complete.

The majority also attempts to bolster its conclusion with its contention that had the General Assembly intended to exclude juvenile traffic offenders from the ambit of R.C. 2501.02(A), "it could easily have done so by adopting the necessary exclusionary language." I feel the opposite deduction is the more compelling position to assume, *i.e.*, it would have required the addition of a mere three words to include juvenile traffic offenders within the scope of R.C. 2501.02(A). The absence of these three words seems to indicate a conscious decision on the part of the legislators to exclude such offenders from the guise of the section, rather than an oversight to include them.

Therefore, dissecting R.C. 2501.02(A) reveals that this section specifically extends its coverage to four categories of juvenile court judgments, *i.e.*, "the finding, order or judgment of a juvenile court that a child is delinquent, neglected, abused, or dependent." Conspicuously absent from this list, however, is the only remaining category of juvenile court judgments — judgments relating to juvenile traffic offenders. Unlike the majority, I feel the most logical explanation for this deletion is that it is the result of a conscious decision by the General Assembly to exclude juvenile traffic offenders from the scope of R.C. 2501.02(A).

Support for affirming the court of appeals can also be found in *In re Becker* (1974), 39 Ohio St. 2d 84 [68 O.O.2d 50], wherein this court, in an earlier analysis of R.C. 2501.02, stated at page 86: "Specifically, absent a finding that a child is delinquent, neglected, or dependent, no appeal is available." In 1974, when *Becker* was decided, R.C. 2501.02 explicitly listed as appealable to the court of appeals only findings, orders or judgments "of a juvenile court that a child is delinquent, neglected, or dependent. * * *" The decision in *Becker* reveals a prior conviction by this court to accept the list of appealable orders found in R.C. 2501.02 as complete and exclusive. There is no reason this court should change its position at this time.

Furthermore, contrary to appellant's suggestion, I also perceive no constitutional problems inherent in refusing juvenile traffic offenders an appeal to the court of appeals. As provided in Section 3(B)(2), Article IV of the Ohio Constitution:

"Courts of appeals shall have jurisdiction *as may be provided by law* to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals * * *." (Emphasis added.)

R.C. 2501.02(A) implements Section 3(B)(2), Article IV as it relates to juvenile court proceedings and, as stated above, this section does not provide for an appeal for juvenile traffic offenders. Therefore, "as * * * provided by law" only the juvenile proceedings specifically enumerated in R.C. 2501.02(A) are appealable to the court of appeals.

There is also no merit in appellant's contention that denying juvenile traffic offenders an appeal to the court of appeals rises to the level of a constitutional deprivation of an individual's inalienable right to defend life and liberty, and protect his property. Clearly, the operation of a motor vehicle is a privilege which is conferred and not a constitutionally protected right. Just

as clearly, the possible sanctions which can be imposed on a child found to be a juvenile traffic offender can not be characterized as threatening to life or liberty. As stated in R.C. 2151.356:

"If the child is found to be a juvenile traffic offender the court may make any of the following orders of disposition:

"(A) Impose a fine not to exceed fifty dollars and costs;

"(B) Suspend the child's operator's license or the registration of all motor vehicles registered in the name of such child for such period as the court prescribes;

"(C) Revoke the child's operator's license or the registration of all motor vehicles registered in the name of such child;

"(D) Place the child on probation;

"(E) Require the child to make restitution for all damages caused by his traffic violation or any part thereof. * * *"

The possible sanctions facing a juvenile traffic offender are not of such magnitude as to require that these decisions be appealable to the court of appeals. Our state's courts of appeals are faced with tremendously crowded dockets and this court should refrain from extending their jurisdiction without explicit statutory or constitutional authority. This authority is glaringly absent in this case.

For the foregoing reasons, I would affirm the judgment of the court of appeals.

HOLMES, J., concurs in the foregoing dissenting opinion.