IN THE OREGON TAX COURT

PORTLAND DISTRIBUTING COMPANY

*v.*

DEPARTMENT OF REVENUE

(TC 2541)

Kevin P. O'Connell, Bullivant, Houser, Bailey, Hanna, Pendergrass, Hoffman, O'Connell & Goyak, Portland, represented plaintiff.

Marilyn J. Harbur, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered August 31, 1987.

**CARL N. BYERS, Judge.**

Plaintiff appeals the assessment of Multnomah County Business Income Taxes (MCBIT) for 1982, 1983, and 1984, alleging that income generated from the sale of alcoholic beverages is exempt by virtue of ORS 473.190. The parties have stipulated to the underlying facts and plaintiff has moved for summary judgment.

ORS 473.190 states:

"No county or city of this state shall impose any fee or tax, including occupation taxes, privilege taxes and inspection

fees, in connection with the production, sale, mixing, serving, transporting, delivering or handling of malt or other alcoholic liquors."

Plaintiff asserts that this "plain and unambiguous" statute precludes Multnomah County from imposing a net income tax on the income derived from the sale of alcoholic beverages. Defendant contends that ORS chapter 473 imposes a privilege tax which is regulatory in nature and does not preempt local government from revenue raising.

While the statute may be unambiguous taken alone, it is not without question when applied in context.[1] That is, is a general income tax such as MCBIT imposed "in connection with" the production, sale, mixing, serving, transporting, delivering or handling of liquor? Certainly the MCBIT is not directed to or focused upon those activities. Rather, those activities are only a miniscule portion of the wide range of business activities which may or may not produce income subject to tax. As defendant's brief notes, it is unlikely that the legislature would intend to prohibit all local taxation or licensing which is directed at broad scope activities of which the regulation of liquor is only a part.

The clause "including occupation taxes, privilege taxes and inspection fees" would seem to bear on the character of the "fee or tax" prohibited by ORS 473.190. In support of this position, defendant argues that the rule of *ejusdem generis* limits the prohibited "fee or tax" to the same kind as those enumerated. Plaintiff asserts that the principal of *ejusdem generis* is not applicable in this case because it requires the general terms to follow the specific, whereas in ORS 473.190, specific follows the general.

■ Plaintiff's position is rebutted in 2A Sutherland, Statutory Construction § 47.17, at 166, where, in reference to *ejusdem generis* it is stated:

"Where the opposite sequence is found, i.e., specific words following general ones, the doctrine is equally applicable, and

---

[1] It is noted that "[o]ne way courts have tried to determine ambiguity is whether a statute is capable of being construed in two different ways by reasonably well-informed people." 2A Sutherland, Statutory Construction § 46.04 (citations omitted). Since defendant, which is "reasonably well-informed" in matters of taxation, construes ORS 473.190 differently than plaintiff, it is difficult to say that the statute is "plain and unambiguous" without further examination.

restricts application of the general term to things that are similar to those enumerated."

The court, in *Wedding v. Wingo,* 483 F2d 1131, 1135 (CA-6, 1973), referring to *ejusdem generis,* stated:

> "This doctrine directs that a general provision of a statute will be controlled and limited by subsequent statutory language more specific in scope."

And the court in *Fourco Glass Co. v. Transmirra Products Corp.,* 353 US 222, 228-229, 77 S Ct 787, 1 L ed 2d 786 (1957), stated:

> "[T]he law is settled that 'However inclusive may be the general language of a statute, it "will not be held to apply to a matter specifically dealt with in another part of the same enactment." ' " (Cites omitted.)

■ All of the above discussion relative to interpreting ORS 473.190 is for the purpose of determining what the legislature intended with regard to local taxes and activities involving liquor. Traditionally, legislative intent has been discerned by determining whether the taxes imposed by the state, in this case ORS chapter 473, are regulatory in purpose or are intended to be revenue raising. Since regulation is an exercise of the police power, and revenue an exercise of the power to tax, the accepted rule is that preemption will not be assumed or presumed for one by virtue of the exercise of the other. If the state wishes to preempt local taxation of a subject it has chosen to regulate, it must expressly do so. *Terry v. City of Portland et al,* 204 Or 478, 269 P2d 544 (1955), *appeal dismissed* 348 US 979, 75 S Ct 571, 99 L Ed 762 (1955).

The history of the statute seems to indicate that regulation rather than revenue underlies the purpose of the statute. When the Liquor Control Act was first enacted in 1933, it contained no provision similar to ORS 473.190. 1933 Or Laws (2d SS) ch 46. The prohibition in issue first appeared in the 1935 amendments to the Liquor Control Act as follows:

> "No incorporated city or county of this state shall impose any fee or tax in connection with the production, sale, licensing or handling of alcoholic beverages, malt beverages or malt syrups." 1935 Or Laws ch 427, § 15.

■ In 1949 the legislature added the clause "including occupation taxes, privilege taxes and inspection fees." 1949 Or

Laws ch 445, § 16. Throughout its history, it seems clear that the purpose of the state legislature has been to regulate alcoholic beverages. The fact that the privilege taxes of ORS chapter 473 are now codified as a separate chapter does not detract from the long-established purpose of regulation. Consequently, if the privilege taxes imposed by ORS chapter 473 are regulatory in purpose, ORS 473.190 will not be construed to prohibit local government from imposing revenue raising taxes in the absence of a clear intent by the legislature to preempt the field. *LaGrande/Astoria v. PERB,* 281 Or 137, 576 P2d 1204 (1978).

The court finds that the purposes of ORS chapter 473 are regulatory. Further, the court finds no language in the statute which would prohibit the imposition of the MCBIT on the income derived by a business involving alcoholic liquors in Multnomah County. If the legislature had intended total preemption, both regulatory and revenue raising, it could have easily so indicated. It has done so in other fields, such as the field of insurance.[2] Even in that clearly preempted field, the legislature has provided an exception for "payroll, excise, or income tax" which is imposed on a nondiscriminatory basis.

No prohibition regarding the imposition of a tax based on income is found in ORS 473.190. The prohibition only bans any tax in "connection with" listed activities. The court finds that the MCBIT, a nondiscriminatory tax on all business income, is not a tax imposed in connection with the production, sale, mixing, serving, transporting, delivery or handling of malt or other alcoholic liquors. Therefore, MCBIT is not in conflict with ORS 473.190.

Plaintiff's motion for summary judgment is hereby denied. Defendant's Opinion and Order No. 85-8470 is hereby sustained. Costs awarded defendant.

---

[2] ORS 731.840(4) forcefully states:

"The State of Oregon hereby preempts the field of regulating or of imposing excise, privilege, franchise, income, license, permit, registration, and similar taxes, licenses and fees upon insurers and their agents and other representatives as such; * * *."