Argued and submitted April 5, decision of the Oregon Tax Court affirmed
November 8, 1988

# PORTLAND DISTRIBUTING COMPANY,
*Appellant,*

*v.*

# DEPARTMENT OF REVENUE,
# STATE OF OREGON,
*Respondent.*

## (OTC 2541; SC S34551)

763 P2d 1189

Mark C. Rutzick, Portland, argued the cause and filed the briefs for appellant. With him on the briefs were Paul R. Romain, Douglas C. Blomgren, and Preston, Thorgrimson, Ellis & Holman, Portland.

Bonni C. Canary, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent. With her on the brief was Dave Frohnmayer, Attorney General, Salem.

CAMPBELL, J.

## CAMPBELL, J.

The issue is whether state law preempts a Multnomah County tax based on the plaintiff's net income from the sale of beer. We hold that the tax is not preempted.

Multnomah County assesses a Business Income Tax (MCBIT) on the net income of "each person doing business within Multnomah County." Mult County Code § 5.70.045. The purpose of the tax is to generate revenue for the county's general fund. *Id.* §§ 5.70.040; 5.70.045(C).

The plaintiff is a wholesale beer distributor doing business in Multnomah County. From 1982 through 1984, the plaintiff did not pay the county income tax on its income from distributing alcoholic beverages. The Department of Revenue assessed a deficiency based on that income.[1] After paying the deficiency, the plaintiff brought this suit for a refund.

Based on the parties' stipulated facts, the tax court denied the plaintiff's motion for summary judgment and upheld the deficiency assessment. *Portland Distributing Co. v. Dept. of Rev.,* 10 OTR 463 (1987). We affirm.

The plaintiff argues that ORS 473.190 expressly preempts taxation of its income from distributing beer. ORS 473.190 provides:

> "No county or city of this state shall impose any fee or tax, including occupation taxes, privilege taxes and inspection fees, in connection with the production, sale, mixing, serving, transporting, delivering or handling of malt or other alcoholic liquors."

The tax court held that ORS 473.190 preempts only taxes that are "regulatory in purpose." *Portland Distributing Co. v. Dept. of Rev., supra,* 10 OTR at 466. Applying the maxim *ejusdem generis,* the court reasoned that the enumeration of taxes in ORS 473.190 limits the general phrase "any fee or tax." The court held that the legislature intended to preempt regulatory measures rather than revenue measures because

---

[1] The Department of Revenue is authorized to collect and enforce the MCBIT. *See* ORS 305.620(1); Mult County Code § 5.70.085.

the statute includes examples of regulatory taxes only.[2] The court also noted that ORS 473.190 is part of the statutory scheme for regulating alcohol and that local revenue taxes do not interfere with alcohol regulation. *Id.* at 465-66. Although we agree that ORS 473.190 does not preempt the MCBIT, we disagree with the tax court's holding that the list of taxes in ORS 473.190 limits the scope of the statute.

By using the word "including" in ORS 473.190, the legislature did not necessarily intend to limit the scope of "any fee or tax." *See Premier Products Co. v. Cameron,* 240 Or 123, 125, 400 P2d 227 (1965). Before 1949, the statute did not mention specific taxes. OCLA 24-315. The list of taxes was added in 1949 after this court upheld a local privilege tax on businesses serving alcohol in *City of Coos Bay v. Eagles Lodge,* 179 Or 83, 170 P2d 389 (1946). Or Laws 1949, ch 445, § 16. This amendment is persuasive evidence of the correct interpretation of the amended statute. *See, e.g., Kaiser Cement v. Tax Com.,* 250 Or 374, 378-79, 443 P2d 233 (1968).[3] If the 1949 legislature intended to limit the application of the statute, it would not have amended the statute to include occupation taxes, privilege taxes and inspection fees, because this court had already determined that the statute did not apply to such taxes. *See City of Coos Bay v. Eagles Lodge, supra.* It is more reasonable to conclude that the 1949 amendment was enacted so the statute would apply to all types of taxes without regard to the label given the tax or the purpose for imposing the tax.

---

[2] Oregon courts have frequently classified taxes as either "regulatory" measures or "revenue" measures. Different legal consequences may arise depending on whether a tax is viewed as a regulatory measure or as a revenue measure. *See, e.g., Terry v. City of Portland,* 204 Or 478, 506, 269 P2d 544, *appeal dismissed* 348 US 979 (1955); *City of Beaverton v. Harris,* 3 Or App 541, 474 P2d 771 (1970). This formalistic classification is often misleading. Taxes intended only to generate revenue may have a regulatory effect. Many taxes which are part of a regulatory scheme have the incidental effect of generating revenue. *See Klamath Falls v. Oregon Liquor Control Comm.,* 146 Or 83, 95, 29 P2d 564 (1934). Because we hold that the statute in question applies to all taxes, we need not address whether the regulation/revenue dichotomy has outlived its usefulness.

[3] The state argues that the legislature could have acted in the 1947 session if it intended to respond to the 1946 decision in *Coos Bay.* According to the state, the intervening session is evidence that the legislature was not responding to the *Coos Bay* decision. In light of the similarities between the wording of *Coos Bay* and the wording of the amendment, we find this argument unpersuasive. From the parties' joint submission of legislative history research, it appears that some members of the 1947 legislature attempted to delete the provision which is now ORS 473.190, which could have been a response to *Coos Bay.* The bill never became law.

■ Although we hold that that ORS 473.190 applies to all types of local taxes, we affirm the decision of the tax court because we hold that the MCBIT is not imposed "in connection with the production, sale, mixing, serving, transporting, delivering or handling of malt or other alcoholic beverages." ORS 473.190. In *City of Coos Bay v. Eagles Lodge, supra,* this court addressed the circumstances under which OCLA 24-315 (now ORS 473.190) would preempt local taxes:

> "But before the court is justified in holding that an ordinance is invalid on that ground, it must appear that it is in direct conflict with some state law. No state law should be construed to deprive a city of the right to levy an occupation tax unless it is *clear and unmistakable* that the legislature so intended by its enactment." 179 Or at 101 (emphasis added).

At the time, OCLA 24-315 proscribed taxes imposed in connection with the "production, sale, licensing or handling" of alcohol. Serving was not mentioned. The local tax was not imposed "in connection with" any of the activities because it was limited to businesses serving alcohol. There was no direct conflict with state law. *City of Coos Bay v. Eagles Lodge, supra,* 179 Or at 101-102.

Unlike the taxpayer in *Coos Bay,* the taxpayer in this case is engaged in activities listed in ORS 473.190.[4] We must determine whether it is "clear and unmistakable" that the legislature intended the phrase "in connection with" to reach a business income tax on the net income from selling beer.

The legislature's choice of the phrase "in connection with" is significant. Other statutes proscribe local taxation imposed on certain business activities, *see* ORS 731.840(4), *former* ORS 317.065 (1973), and on the privilege of conducting certain business activities, *see* ORS 462.100, ORS 696.110(2). By employing the words "in connection with," the legislature apparently intended to reach a larger group of local taxes than those taxes merely imposed *on* a particular business or activity. On the other hand, the legislature could have exempted the specified activities entirely if it intended to shield beer distributors from all local taxes. *Cf.* ORS 731.840(4) ("preempts the field" of taxing and regulating insurers).

---

[4] The plaintiff's distribution business includes selling alcoholic beverages. Stipulation of Fact No 2.

"In connection with" is an ambiguous phrase that means a relationship or association. *See* Webster's Third New International Dictionary 481 (1971).[5] Any relationship between selling beer and the imposition of the income tax is tenuous at best. The MCBIT is keyed to net income, not sales. *See* Mult County Code § 5.70.045. The sale of alcoholic beverages does not necessarily result in net income, and the tax may not apply even if the plaintiff engaged in the business of selling beer. The MCBIT is "in no way connected" with the privilege of engaging in the activity that generates the income. *Multnomah Kennel Club v. Dept. of Rev.*, 295 Or 279, 287, 666 P2d 1327 (1983). If the legislature intended to preempt local taxation of distributors, its use of the term "in connection with" is not "clear and unmistakable" evidence of that intent. *See City of Coos Bay v. Eagles Lodge, supra.*

When a statute is ambiguous, the policies underlying the statute aid in determining whether the statute applies. *E.g., Springfield Education Assn. v. School Dist.*, 290 Or 217, 225-26, 621 P2d 547 (1980). ORS 473.190 is part of a privilege tax imposed on certain distributors. *See* ORS 473.030, 473.040. Although the privilege tax may generate revenue, it is a part of the overall scheme to regulate alcohol and should be read in light of that purpose. *City of Coos Bay v. Eagles Lodge, supra*, 179 Or at 98. *See also Klamath Falls v. Oregon Liquor Comm.*, 146 Or 83, 95, 29 P2d 564 (1934).

If, as the plaintiff would have us hold, the legislature intended ORS 473.190 to preempt taxes on the net income of businesses, the administrative burden on the taxpayer would be substantial. Calculating the amount of tax exempted under 473.190 would involve the difficult task of segregating the expenses attributable to alcohol sales from expenses attributable to the sale of other goods, then subtracting that amount from the gross receipts from the sale of alcoholic beverages. Although such calculations are possible, the task would be difficult for businesses such as supermarkets where alcohol sales constitute a small portion of the business. A more reasonable conclusion is that the legislature did not

---

[5] "*In connection with* is a formula that everyone who prefers vigorous to flabby English will have as little to do with as he can. * * * In the prevalent modern use, however, it is worn down into a mere compound preposition, with vagueness & pliability as its only merits." Nicholson, American-English Usage 102 (1957).

intend its preemption measure to apply to generalized income taxes so as to impose such burdens on taxpayers and local agencies.

■ From our review of the legislature's purpose, it is clear that the legislature intended to prohibit local regulation of alcohol. *City of Coos Bay v. Eagles Lodge, supra.* We have stated that the legislature intended the words "in connection with" to reach taxes other than those imposed *on* the enumerated activities without preempting all local taxation of distributors. We also conclude that the legislature intended to prohibit localities from seizing upon commerce in alcohol as a target of taxation. This interpretation is consistent with the wording of ORS 473.190 and the legislative purpose for enacting the provision.

The MCBIT applies to all businesses. It does not single out beer sales, nor does the imposition of the tax depend on engaging in the business of selling beer. Imposition of the MCBIT is therefore not inconsistent with the wording or the policy of ORS 473.190. We hold that the MCBIT is not imposed in connection with any of the activities listed in ORS 473.190. ORS 473.190 does not preempt the MCBIT, and the plaintiff is not entitled to recover the deficiency assessment.

The decision of the tax court is affirmed.