## Vermont Association of Realtors, Inc. v. State of Vermont, Vermont Real Estate Commission

[593 A.2d 462]

No. 89-048

Present: Allen, C.J., Peck, Gibson and Dooley, JJ., and Martin, Supr. J., Specially Assigned

Opinion Filed May 24, 1991

526

*Thomas F. Heilmann* of *Heilmann, Ekman & Associates, Inc.*, Burlington, for Plaintiff-Appellant.

*Jeffrey L. Amestoy*, Attorney General, *Marilyn Signe Skoglund*, Assistant Attorney General, and *John H. Chase*, Montpelier, for Defendant-Appellee.

*Ralph W. Holman*, Chicago, Illinois, and *Thomas F. Heilmann*, Burlington, for amicus curiae National Association of Realtors.

**Gibson, J.** Plaintiff, Vermont Association of Realtors, Inc., appeals from the dismissal of its complaint, which challenges (1) the statutory provision establishing the composition of the Vermont Real Estate Commission and (2) various rules promulgated by the Commission. We affirm.

In 1985, the Legislature generally amended the statute dealing with the regulation of real estate brokers and salespersons. Pursuant to the authority conferred on it by that statute, the Vermont Real Estate Commission promulgated various rules regulating the activities of real estate brokers and salespersons. Plaintiff filed a complaint asking the superior court (1) to declare 26 V.S.A. § 2251(b) invalid and unenforceable and (2) to enjoin the Commission from enforcing certain rules that it contends were promulgated without statutory authority and in violation of the Administrative Procedure Act (APA). On August 5, 1987, the court issued a preliminary injunction against the enforcement of Rules 26(c)(3) and (4). On November 23, 1988, the court granted the State's motion for summary judgment and dismissed the case.

On appeal, plaintiff argues that the court erred (1) in upholding the constitutionality of 26 V.S.A. § 2251(b); (2) in applying the wrong standard to determine whether the Commission exceeded the scope of its legislative authority; (3) in deciding that the Commission did not act outside its authority; and (4) in concluding that the Commission complied with the APA.

## I.

Plaintiff first argues that 26 V.S.A. § 2251(b), which requires that at least one of the three broker members of the seven-member Real Estate Commission must not be a member of a professional real estate association, is unconstitutional because it deprives plaintiff's members of their rights of freedom of association and privacy guaranteed by the First Amendment to the United States Constitution.[1] We disagree.

Although there is some uncertainty over the scope of the First Amendment right of association and the level of scrutiny with which to review statutes that allegedly impair associational rights, courts generally will first consider whether the governmental action infringes on First Amendment interests,

---

[1] We need not address plaintiff's claim that the statute violates chapter I, article 20 of the Vermont Constitution because plaintiff has failed to develop the state constitutional issues it raises by explaining how or why article 20 affords greater protection than the First Amendment to the United States Constitution. See *State v. Gleason*, 154 Vt. 205, 212, 576 A.2d 1246, 1250 (1990).

and, if so, the significance of the infringement and the nature of the associational right infringed. See *Elrod v. Burns*, 427 U.S. 347, 360 (1976); *MacGuire v. Houston*, 717 P.2d 948, 952 (Colo. 1986); 3 R. Rotunda, J. Nowak & J. Young, Constitutional Law: Substance and Procedure § 20.41, at 199–204 (1986). Only significant and substantial restraints on freedom of association require strict scrutiny. *MacGuire*, 717 P.2d at 952; see *Elrod*, 427 U.S. at 362; *Kusper v. Pontikes*, 414 U.S. 51, 58 (1973).

■ According to plaintiff, by requiring that one of the three broker members of the Commission be unaffiliated with a real estate organization, § 2251(b) inhibits brokers who wish to serve on the Commission from being members of a real estate association and impinges on members' privacy interests by making it necessary for them to reveal their associations. We cannot agree. Plaintiff's speculative predictions on the impact of this law, which are unsupported by evidence, neither trigger a strict scrutiny standard of review nor indicate that further factual investigation is required. Plaintiff has failed to show a significant impairment of its associational rights or any demonstrable injury that will result from its members having to disclose whether they belong to a real estate association. Cf. *O'Neal v. United States*, 601 F. Supp. 874, 878–80 (N.D. Ind. 1985) (summary judgment affirmed; two members of organization unable to show that an IRS summons requesting their telephone records significantly impacted on their associational rights).

■ Assuming that the statute in question has a minimal impact on plaintiff's associational rights, we agree with the trial court that the requirements of the statute are rationally related to the State's legitimate interest in creating a real estate commission with broad representation. A large percentage of the brokers and salespersons in the state are not members of a professional real estate organization. The State's interest in seeing that at least one person on the Commission is in a similar situation is legitimate, notwithstanding plaintiff's claim that such a rule will deter those who would like to serve on the Commission from joining a professional real estate organization. We conclude that summary judgment was appropriate here.

## II.

Next, plaintiff argues that the court applied the wrong standard in determining whether the Commission exceeded its statutory authority, and, further, that the court erred in concluding that the challenged rules did not exceed the authority delegated to the Commission by the Legislature. We disagree with both contentions.

██ This Court has consistently held that agency actions, including the promulgation of rules, enjoy a presumption of validity. See *In re Club 107*, 152 Vt. 320, 323, 566 A.2d 966, 967 (1989); *Consumer Credit Ins. Ass'n v. State*, 149 Vt. 305, 308, 544 A.2d 1159, 1161 (1988); *In re Agency of Administration*, 141 Vt. 68, 74–75, 444 A.2d 1349, 1351–52 (1982). Here, the trial court examined the rules and determined that they were within the scope of the Commission's statutory authority. The court then stated that it did not have the authority "to determine whether these rules are the best way to effectuate the statute," but rather that it must defer to the agency's judgment "absent a compelling indication that the Commission misinterpreted this statute." We see no error in the standard of review applied by the court.

██ Nor did the court err in concluding that the rules were within the statutory grant of authority. While we presume the validity of agency actions, "an agency's regulations must be reasonably related to its enabling legislation in order to withstand judicial scrutiny." *In re Club 107*, 152 Vt. at 323, 566 A.2d at 967–68. There must be some nexus between the agency regulation, the activity it seeks to regulate, and the scope of the agency's grant of authority. *Id.* at 324, 566 A.2d at 968. Accordingly, we will not countenance any agency rule that exceeds the authority delegated to the agency under its enabling act. *Id.* at 326, 566 A.2d at 969 (Liquor Control Board exceeded its legislative authority by promulgating regulation prohibiting "obscene, lewd, or indecent entertainment").

Under the instant enabling act, the Commission

shall adopt rules in accordance with [the APA] necessary for the performance of its duties, *including*:

(1) a definition of the activities which may be performed only by a licensee . . .;

(2) qualifications for obtaining licensure . . .;

(3) explanations of appeal and other significant rights given to applicants and the public;

(4) procedures for disciplinary and reinstatement cases.

26 V.S.A. § 2252(a) (emphasis added). The act also permits the Commission to "adopt rules relating to the procedures to be followed in handling complaints and conducting hearings under this chapter." *Id.* § 2252(c)(5).

■■ Before examining the individual rules to determine whether they are within the Commission's authority, we point out that the word "including" in a statute is ordinarily a word of enlargement, not one of limitation.[2] *In re Hartman*, 2 Ohio St. 3d 154, 156, 443 N.E.2d 516, 517 (1983) (common usage of word "including" implies that following list is not exhaustive); *Portland Distrib. Co. v. Department of Revenue*, 307 Or. 94, 97, 763 P.2d 1189, 1190 (1988) (word "including" did not limit application of statute to taxes listed). Thus, the Commission has the authority to promulgate any rule "necessary for the performance of its duties," even if the rule is not within the scope of the four enumerated types. Keeping this in mind, we acknowledge the fact that, generally, the purpose of a real estate licensing statute "is to regulate real estate activities so as to protect the public." *Arizona State Real Estate Dep't v. American Standard Gas & Oil Leasing Serv.*, 119 Ariz. 183, 186, 580 P.2d 15, 18 (Ct. App. 1978); see *Boise Cascade Home & Land Corp. v. New Jersey Real Estate Comm'n*, 121 N.J. Super. 228, 240, 296 A.2d 545, 551 (1972) (real estate commission created under regulatory li-

---

[2] Plaintiff points out that § 2252's predecessor statute, former 26 V.S.A. § 2254, granted the Commission the authority to "adopt, amend and revise, as it deems necessary, reasonable rules consistent with this chapter in order to carry out and effectuate its purposes." Plaintiff argues that, by amending the statute, the Legislature intended to restrict the types of rules the Commission could promulgate. We ·cannot agree. Plaintiff cites no legislative history to support its theory. The fact that the Legislature chose to specify certain types of rules that the Commission may promulgate does not indicate that it intended to preclude the Commission from promulgating any other rule outside the specified areas. Indeed, as noted above, the word "including" indicates the opposite is true.

censing act to protect public from incompetent and unscrupulous practice). The Vermont statute is no exception.[3]

We now examine the challenged rules. Plaintiff's most strident arguments are raised against Rules 26(c)(3) and (4), which require that a listing agreement contain

> (3) Authorization for the broker to offer the property for sale, and a description of the way a prospective buyer may deliver his or her acceptance of the offer if not to the broker.

> (4) The terms and conditions upon which the licensee is authorized to offer the property for sale.

Plaintiff asserts that the Commission has no authority to regulate listing agreements. Plaintiff further argues that by requiring listing agreements to specify a broker's authority to offer property, Rules 26(c)(3) and (4) fly in the face of the established common-law rule that listing agreements are not offers. While conceding that the Commission rules cannot be overturned merely because they entail a nontraditional approach, amicus National Association of Realtors asserts that Rules 26(c)(3) and (4) will be detrimental to the orderly transfer of real property in Vermont.

These arguments are not persuasive. The Commission has the authority to promulgate rules defining the activities performed by licensees. § 2252(a)(1). A real estate broker or salesperson is a licensee (see § 2212) who, among other things, "lists, offers, attempts or agrees to list real estate or any interest therein for sale or exchange." § 2211(a)(4)(A). Thus, the en-

---

[3] Although the statute contains no general statement of purpose, the specific purposes enumerated in the introduction to the original bill indicate that the legislation's overriding concern was to protect the public interest. Among those purposes were to "add two consumer representatives to the membership of the real estate commission," to permit the commission to impose sanctions where there are underlying problems, and to permit the deposit of funds held by brokers into interest-bearing accounts. S. 26 (1985 Vt., Bien. Sess.). Moreover, various provisions of the statute itself evidence its public-protection orientation. See, e.g., 26 V.S.A. § 2252(b)(3) and (c)(1) (Commission shall "investigate suspected unprofessional conduct" and "may" report suspected cases of unauthorized practice to the attorney general or state's attorney for possible prosecution).

abling act gives the Commission general authority, at least, to regulate a broker's or salesperson's listing agreements.

Regarding plaintiff's argument that Rules 26(c)(3) and (4) will disrupt real estate transactions in Vermont, we point out that it is not the role of a reviewing court to impose its judgment on whether administrative regulations promulgated within the expertise of an agency are good or bad policy. See *Leimbach v. Califano*, 596 F.2d 300, 304 (8th Cir. 1979) (where agency chose procedure reasonably related to legitimate purpose of enabling act, court will not substitute its view as to whether procedure is appropriate); see also *In re Club 107*, 152 Vt. at 325, 566 A.2d at 968 ("due deference is afforded to administrative actions which are within an agency's area of expertise"). Such regulations are valid as long as they are reasonably related to the purposes of the enabling act. *In re Baptist Fellowship of Randolph, Inc.*, 144 Vt. 636, 638, 481 A.2d 1274, 1275 (1984). Rules 26(c)(3) and (4) are reasonably related to the general purpose of the enabling act: to regulate the activities of real estate brokers and salespersons in order to protect the public. Under an exclusive listing agreement in general use in Vermont, the broker has the "exclusive right to offer for sale . . . and sell the property . . . upon the terms set forth herein." The Commission's attempt to regulate such activities by requiring that brokers be given the power to offer the property for sale and requiring them to reveal that authorization within the listing agreements is not outside the purview or purposes of the enabling act. Moreover, Rules 26(c)(3) and (4) are not irreconcilably inconsistent with either prior Vermont contract case law or the other rules promulgated by the Commission.

Plaintiff also argues that Rule 27(b), which states that a "broker may not require as a condition of employment or association that a salesperson join any organization during any period that the salesperson is satisfying the experience requirement," deals with matters outside the Commission's authority. We disagree. The Legislature explicitly gave the Commission the power to adopt rules concerning "qualifications for obtaining licensure, in accordance with section 2292." § 2252(a)(2). Section 2292 details the experience and education requirements that persons seeking a real estate license in Ver-

mont must meet. Section 2292(d) provides that licensing standards and procedures "shall be fair and reasonable" and "shall be designed and implemented to ensure that *all* applicants [whose practice would be consistent with the public welfare] are admitted to practice." (Emphasis added.) Because membership in a real estate organization is not essential in order for an applicant to meet the prescribed requirements, the Commission may prohibit a broker from conditioning the employment of an applicant on the applicant's membership in a particular organization.

The other rules challenged by plaintiff—Rules 2(7), 2(9), 2(11), 30(a), 31(a), and 32—are all plainly within the Commission's delegated statutory authority; no further discussion of them is warranted.

### III.

Plaintiff also contends that the court erred in concluding that the Commission promulgated its rules in compliance with the requirements of the Vermont Administrative Procedure Act. Plaintiff's principal contentions are that the Commission's public summaries of its proposed rules did not adequately notify real estate agents of the significance of the rules, the rules were proposed and voted on without public input, and the Commission proposed new rules after the public comment period ended.[4] We disagree.

Upon review of the record, we conclude that the Commission promulgated the challenged rules in accordance with the requirements of the APA. Although the published summaries did not contain the text of the proposed rules, there was sufficient information to alert interested parties as to the general topic of the rules, and a telephone number was listed for interested parties to obtain additional information. Further, the later notices stated that the Commission had made "numerous

---

[4] In particular, plaintiff argues that the trial court did not specifically find that 3 V.S.A. § 846(b)(2) was satisfied. Section 846(b)(2) provides that "amendment after public hearing of the text of a proposed rule in a manner that does not cause the published summary of the rule to become misleading or inadequate . . . shall not affect the validity of a rule after its adoption." The court ruled that the Commission had submitted documents showing that the requirements of the APA had been complied with.

changes in the original proposed rules," and indicated the dates of hearings at which the public could respond to those changes. The Commission held several public hearings on the proposed rules before it voted on their adoption, and plaintiff had a full opportunity to respond to the rules at all stages of the rulemaking process. Plaintiff has failed to show any violations of the APA.

*Affirmed.*

**Dooley, J.,** concurring and dissenting. I concur in the opinion of the Court with respect to the composition of the Vermont Real Estate Commission, the validity of Commission Rules 26(c)(3) and (4), and compliance with the procedural requirements of the Administrative Procedure Act. I conclude, however, that Rule 27(b) is beyond the rulemaking power of the Commission, and I dissent from the majority's opinion upholding this rule.

Rule 27 provides:

(a) A supervising broker is responsible for the professional conduct of salespersons under his or her supervision, as shown by the records of the Commission. A principal broker is vicariously responsible for the professional conduct of all licensees employed by or associated with the licensee.

(b) A broker may not require as a condition of employment or association that a salesperson join any organization during any period that the salesperson is satisfying the experience requirement.

The experience requirement is set forth in 26 V.S.A. § 2292(e). It requires that a person desiring to become a real estate broker be "actively employed as a licensed salesperson by or associated with a licensed broker in this state for a period of not less than one year." See also Vermont Real Estate Comm'n Rule 2(7) (defines experience requirement to include training for at least a year during which the salesperson must complete "a minimum of six closed real estate transactions").

The Commission defends Rule 27(b) as necessary to ensure that persons who want to become brokers are not denied the opportunity to do so because they do not want to join a particu-

lar organization or can not afford to do so. The testimony in support of the rule from the Commission was that the Legislature had intended to make it easier for persons to become brokers and the Commission did not want "any constraints or any obligations on any salesperson" other than the minimum imposed by the statute and rules. In its response to the comments on the rule, the Commission stated that the rule "removes a potential barrier to satisfying the experience requirement." Nothing in the record or in the rulemaking record suggests that salespersons who did not want to join a particular organization were barred from obtaining jobs to satisfy the experience requirement.

We require that rules be reasonably related to an agency's enabling legislation. *In re Club 107*, 152 Vt. 320, 323, 566 A.2d 966, 967–68 (1989); see also *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) (agency's power to promulgate legislative regulations is limited to authority delegated by Congress). In this case, the enabling legislation limits the Commission's rulemaking power to those "necessary for the performance of its duties." 26 V.S.A. § 2252(a)(1). The Commission has parlayed an authorization to establish an experience requirement for future brokers into a regulation of a private employment contract based on potential barriers to entry with no indication of an actual barrier. If the Commission can adopt this rule, it can regulate all phases of the employment contract, requiring, for example, that a certain wage be paid, that health insurance be given or that a certain number of vacation days be available. It also appears that subpart (b) of Rule 27 directly interferes with the ability of brokers to comply with the requirement of subpart (a) that they ensure salesmen operate ethically and responsibly. Plaintiff (and presumably other professional organizations) offer training at reduced cost to members and promulgate ethical standards. Brokers are likely to see membership in a professional organization as the most efficient way to teach responsible practice during the apprenticeship period.

I cannot find this regulation necessary for the Commission to perform its duties. The Commission admits it is based on a potential problem, not one actually found to exist. Thus, I do not believe it is reasonably related to the enabling legislation. I dissent from the decision to uphold Rule 27(b).