**BLUE CROSS AND BLUE SHIELD OF VERMONT v. DEPARTMENT OF BANKING, INSURANCE, SECURITIES AND HEALTH CARE ADMINISTRATION**

[816 A.2d 429]

No. 01-518

October 24, 2002. Appellant State of Vermont Department of Banking, Insurance, Securities and Health Care Administration ("BISHCA"), defendant in the case below, appeals from a Washington Superior Court order granting appellee Blue Cross and Blue Shield of Vermont's ("Blue Cross") request to vacate a BISHCA order directing Blue Cross to pay for a subscriber's communication device. On appeal, BISHCA claims it had adjudicatory authority over the denied insurance claim pursuant to 8 V.S.A. § 4089f and BISHCA Regulation H-99-1. We conclude that BISHCA did not have review authority over this claim, and therefore affirm the decision of the superior court.

The relevant facts are not in dispute. In early 1999, a Blue Cross Vermont Freedom Plan subscriber requested approval to purchase a Dyna-Vox communication device for use by a family member with a serious medical condition. Blue Cross denied the subscriber's request. The subscriber sought review of that decision from the Blue Cross Claim Appeal Committee. Following a hearing, the committee affirmed the initial decision to deny approval for the device.

The subscriber then filed an appeal of the Blue Cross decision with BISHCA, pursuant to 8 V.S.A. § 4089f(b)-(d) and Regulation H-99-1, seeking review by an independent review organization ("IRO"). In response, Blue Cross argued that BISHCA did not have jurisdiction under the statute since the Blue Cross Claim Appeal Committee had determined that the device was "an excluded (non-covered) non-medical device as it does not meet the contract definition of durable medical equipment (DME) or prosthesis." Nonetheless, BISHCA accepted the subscriber's request, explained that the device "reasonably appears" to meet the contract definitions of prosthesis and durable medical equipment, and forwarded the case to the IRO for review. Following an investigation, the IRO concluded that the Dyna-Vox device was in fact "medically necessary." BISHCA then reviewed the IRO's decision, found that it did not change the terms of coverage under the subscriber's health benefit plan, and thus concluded that Blue Cross was required to pay for the communication device.

Subsequently, Blue Cross brought a V.R.C.P. 75 action in superior court for a declaratory judgment that BISHCA had exceeded its authority under § 4089f and Regulation H-99-1. On October 15, 2001, the superior court issued its order, in which it concluded that BISHCA had exceeded its statutory authority, and vacated BISHCA's order requiring Blue Cross to pay for the communication device. BISHCA appeals this decision.

BISHCA advances two related arguments in support of its contention that its actions were valid. First, BISHCA contends that the statutory language of 8 V.S.A. § 4089f affording an insured "the right to an independent external review" is illusory if such review could be eliminated by the statement of the insurer

that the service at issue was not a covered benefit.[1] Second, BISHCA asserts its adoption of Regulation H-99-1 is a reasonable interpretation of the statute entitled to a presumption of validity precisely because it protects the insured from an insurer's "bad faith" decision that the service in question is not a covered benefit within the scope of the policy.[2]

We have consistently held that agency actions enjoy a presumption of validity. *Vt. Ass'n of Realtors, Inc. v. State*, 156 Vt. 525, 530, 593 A.2d 462, 465 (1991).

---

[1] (b) An insured who has exhausted all applicable internal review procedures provided by the health benefit plan shall have the right to an independent external review of a decision under a health benefit plan to deny, reduce or terminate health care coverage or to deny payment for a health care service. The independent review shall be available when requested in writing by the affected insured, provided the decision to be reviewed requires the plan to expend at least $100.00 for the service and the decision by the plan is based on one of the following reasons:

(1) The health care service is a covered benefit that the health insurer has determined to be not medically necessary.

. . . .

(c) The right to review under this section shall not be construed to change the terms of coverage under a health benefit plan.

8 V.S.A. § 4089f.

[2] Section 6(E)(2) of Regulation H-99-1 requires BISHCA to determine that "the service that is the subject of the appeal reasonably appears to be a covered service under the benefits provided by the contract to the insured" in order to accept the appeal.

Although "[i]t is . . . a firm principle of judicial review that . . . findings of fact by an administrative agency will not be set aside unless clearly erroneous, conclusions of law are not so protected." *Town of Cambridge v. Bassett*, 142 Vt. 171, 177, 453 A.2d 413, 416 (1982) (internal quotations omitted); see also *In re Agency of Admin.*, 141 Vt. 68, 74-75, 444 A.2d 1349, 1352 (1982) (determining that the Court will uphold the "construction of statutes by those charged with their execution . . . unless there are compelling indications that the construction is wrong").

BISHCA's assertion of authority in this case is predicated on two interpretations with which we disagree. First, BISHCA construes the Blue Cross decision to deny coverage of the Dyna-Vox communication device to be based on a determination that the device is "not medically necessary." In fact, although the phrase "not medically necessary" does appear in the Blue Cross Claim Appeal Committee's notice of decision, the clear import of the decision, when read in its entirety, is that the device is not a covered benefit because it is not medical equipment and is therefore excluded from coverage.[3] Thus, we reject

---

[3] The Blue Cross Claim Appeal Committee's notice of decision stated:

While we do not dispute that the device would be beneficial to [the patient], the Committee determined that it is a communication device and is not considered a medical device. Also, it is not considered by the Plan to be medically necessary durable medical equipment as it can be purchased without a prescription, is not primarily and customarily used only for a medical purpose, and is purchased from a non-medical provider. The Committee further determined that the device is not truly a prosthetic. Items which are

BISHCA's argument that 8 V.S.A. § 4089f(b)(1) ("[t]he health care service is a covered benefit that the health insurer has determined to be not medically necessary") triggers BISHCA jurisdiction under the facts of this case.

We further disagree with BISHCA's interpretation that 8 V.S.A. § 4089f is "silent as to who determines whether the service is a covered benefit." In construing a statute, "our principal goal is to effectuate the intent of the Legislature." *Tarrant v. Dep't of Taxes*, 169 Vt. 189, 197, 733 A.2d 733, 739 (1999). In determining this intent, we look first to the language of the statute. *Daniels v. Vt. Ctr. for Crime Victims Servs.*, 173 Vt. 521, 523, 790 A.2d 376, 379 (2001). Moreover, we presume that the plain and ordinary meaning of the language used was so intended. *Id.* Here, the Legislature chose to use the phrase "[t]he health care service *is* a covered benefit." 8 V.S.A. § 4089f(b)(1) (emphasis added). This language presumes the existence of coverage and does not leave room for any future determination by BISHCA. Additionally, the Legislature chose language exhibiting clear deference to contractual issues between an insurer and insured: "The right to review under this section shall not be construed to change the terms of coverage under a health benefit plan." § 4089f(c). The BISHCA regulation contains similar language in reference to contractual coverage issues: "Neither the right to appeal nor any decision by the independent review organization shall be construed to change the terms of coverage under a health benefit plan." H-99-1 § (6)(B).

---

not medically necessary and nonmedical equipment are specifically excluded from your coverage (please see definition of durable medical equipment, page 66, as well as exclusion #7 of the Vermont Freedom Plan for Individuals and Families).

Nothing in the language of the statute evinces a contrary intent by the Legislature to allow BISHCA to determine coverage issues. Where state legislatures have adopted statutes granting agencies like BISHCA the authority to address coverage issues, statutory language expressly confirms that grant. For example, Michigan's independent review of a health care decision is based upon statutory language which incorporates language from both the statute and regulation at issue here. There, the commissioner's preliminary review is based upon a finding that the appealed decision "reasonably appears to be a covered service" and involves issues of "medical necessity." Mich. Comp. Laws Ann. § 550.1911(2)(b), (2)(e) (West 2002). Although the "reasonably appears to be a covered service" language is found in BISHCA's Regulation H-99-1, the Michigan statute incorporates this language, thereby granting the discretion not found in the "is a covered benefit" language of our statute. Moreover, the Michigan statute provides that if a determination "appears to only involve purely contractual provisions . . . the commissioner may keep the request . . . or may assign [the matter to] an independent review organization." *Id.* § 550.1911(7). Thus, Michigan's statute explicitly provides the commissioner discretion to review coverage decisions. *Id.* § 550.1911; see also Ariz. Rev. Stat. § 20-2531(D) (2002) ("This article provides . . . external independent review of a denial for a covered service or *claim for a covered service.*" (emphasis added)); D.C. Code Ann. § 44-301.07(c)(2) (2001) ("the Director shall determine whether . . . [t]he health care service . . . reasonably appears to be a service covered by the health benefits plan"); N.H. Rev. Stat. Ann. § 420-J:3(18)(c) (2002) (covered person's "grievance" may include "[m]atters pertaining to the contractual relationship between a covered person and a health carrier").

The Legislature could choose language granting BISHCA authority to review the coverage decision. It has not done so, and absent such language, BISHCA does not have the authority it attempted to assert here.

*Affirmed.*