## State of Vermont v. George J. Hohman

[400 A.2d 979]

No. 32-79

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed March 28, 1979

*M. Jerome Diamond*, Attorney General, and *Richard A. Unger*, Assistant Attorney General, Montpelier, for Plaintiff.

*James L. Morse*, Defender General, *William A. Nelson*, Appellate Defender, and *Steve Dunham*, Appellate Counsel, Montpelier, for Defendant.

**Billings, J.** This is a bail appeal pursuant to 13 V.S.A. § 7556(b). The defendant Hohman was charged by information with murder in the second degree. An order of the superior court, filed September 29, 1978, provided that the defendant produce a bail bond with "sufficient solvent sureties" or, in lieu thereof, a cash deposit of $30,000, and imposed several other conditions and restrictions in connection with the defendant's release pending trial. Subsequently, the security was provided and defendant released, and since that time the defendant has abided by all the conditions imposed.

On January 13, 1979, the defendant was found guilty of manslaughter by a superior court jury, and on January 15, 1979, the presiding judge entered an order whereby it was "adjudged that judgment of guilty of manslaughter is entered on the verdict and bail conditions shall remain in full force and effect." On January 26, the defendant filed a timely notice of appeal from that order.

On February 27, 1979, the trial court entered judgment of guilty as convicted and sentenced the defendant to a term of not less than nine years nor more than fifteen years, giving the defendant credit for time already spent in custody. The court ordered the defendant committed forthwith to the custody of the Commissioner of the Department of Corrections, thus revoking the conditions of release on bail.

The defendant claims that the trial court was divested of authority to place the defendant in execution after his notice of

appeal was filed. He asserts that, following the timely filing of a notice of appeal, the only means of amending the conditions of release is by resort to the latter provisions of V.R.A.P. 9(b).

V.R.A.P. 9(b) provides as follows:

> Upon the filing of a notice of appeal from a judgment of conviction, a defendant released in accordance with Criminal Rule 46(c) shall continue on release pending appeal under the same terms and conditions as were previously imposed. Thereafter, a motion for release or for amendment of the conditions of release pending appeal may be made by either party to the Supreme Court or to a justice thereof. The motion shall be determined promptly upon such papers, affidavits, and portions of the record as the parties shall present and after reasonable notice to the other party. The Supreme Court or a justice thereof may order the release of a defendant in detention pending disposition of the motion.

V.R.Cr.P. 46(c) provides as follows:

> Upon a judgment of conviction, the trial judge shall review the terms and conditions of release and may terminate them or may continue or alter them pending sentence or pending notice of appeal or the expiration of the time allowed for filing notice of appeal. . . .

A judgment on the verdict is a judgment of conviction and is the final order from which an appeal must be taken within the provisions of V.R.A.P. 4. *State* v. *Wisell,* 136 Vt. 541, 394 A.2d 1144 (1978); *State* v. *Savo,* 136 Vt. 330, 388 A.2d 391 (1978). In the case at bar, a judgment of conviction was entered on January 15, 1979, and a notice of appeal therefrom was timely filed. As a result, the trial court was without jurisdiction to amend the conditions of release or to place the defendant in execution, V.R.A.P. 9(b), since jurisdiction then vested solely in this Court or a justice thereof to amend the conditions of release.

■■ V.R.Cr.P. 32(b) provides:

> A judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence or conditions of deferment thereof. . . .

In the case at bar, the judgment of conviction referred to in the foregoing rule was not entered until February 27, 1979. It is

obvious that the term "judgment of conviction" is used in different senses in V.R.Cr.P. 32(b) and in V.R.Cr.P. 46(c). The use of the term in V.R.Cr.P. 32(b) merely establishes the requirement of a formal written judgment reciting the entire record, and is a procedural rule. The fact that the required recitals of V.R.Cr.P. 32(b) are not included in the use of the term pursuant to V.R.Cr.P. 46(c) is not grounds for attacking the latter rule, since that rule is a jurisdictional rule. Our holding in *State* v. *Savo, supra,* which we reaffirm, is that the judgment of conviction is entered at the time that the judgment on the verdict is entered. Since in the appellate process there is no direct appeal from sentence, the requirements of V.R.Cr.P. 32(b) are not jurisdictionally mandatory. We derive additional support for this view from the provisions of V.R.Cr.P. 46(c), mandating review of the terms and conditions of release "pending sentence *or pending notice of appeal* or the expiration of the time allowed for filing notice of appeal." (emphasis added). In the case at bar, the trial judge on February 27, 1979, had no jurisdiction to place the defendant in execution.

*Order revoking bail and committing defendant to the Commissioner of Corrections reversed, release of defendant ordered under the terms and conditions established by order of the Addison Superior Court, dated September 29, 1978. Cause to be certified forthwith.*