# In re Baptist Fellowship of Randolph, Inc.

[481 A.2d 1274]

No. 83-380

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed August 3, 1984

*Peter B. Brittin,* Middlesex, for Plaintiff-Appellant.

*John J. Easton, Jr.,* Attorney General, and *Meredith Wright,* Assistant Attorney General, Montpelier, for Defendant-Appellee.

**Billings, C.J.** The Baptist Fellowship of Randolph, Inc. (Church) appeals from an order of the Orange Superior Court granting the Vermont Agency of Environmental Conservation's (State) motion for summary judgment. In granting the State's motion, the court found that the Church's construction of a meetinghouse was subject to the requirements of Chapter 151, Title 10, Vermont Statutes Annotated (Act 250).

In early 1981, the Church commenced construction of its meetinghouse. The project called for the construction of a 36' by 80' two-story church on a one acre lot within a 33.6 area tract of land owned by the Church. In July, 1981, the State advised the Church to cease construction until all necessary permits were received, pursuant to 10 V.S.A. §§ 6003–6004. The Church, in order to complete construction, entered into an "assurance of discontinuance" agreement with the State, wherein it agreed to submit to the Act 250 process while reserving its right to appeal the issue of the Act's jurisdiction over its construction project. In return, the State agreed to refrain from prosecuting. The Church received a land use permit in September, 1981. Subsequently, it filed its notice of appeal and, pursuant to 10 V.S.A. § 6089(a), its notice of removal of the appeal from the State Environmental Board to the superior court. In March, 1983, the parties entered into a stipulation of facts and agreed that the case could be decided on cross-motions for summary judgment. V.R.C.P. 56.

In July, 1983, the court issued its findings of fact, conclusions of law and judgment. The court concluded that the Church's plans to construct a church fell within the definition of "de-

velopment" as used in 10 V.S.A. § 6001(3), and that, therefore, the State "had proper jurisdiction to review the Church's plans in light of the criteria contained in 10 V.S.A. § 6086 and either grant or deny a land use permit under 10 V.S.A. § 6081(a)."

In reviewing the act of an administrative agency, this Court begins its reviewing process with the presumption that the act complained of "is correct and that the orders and decisions of the administrative body are valid and reasonable." *In re Devoid*, 130 Vt. 141, 148, 287 A.2d 573, 577 (1972). Where an agency's enabling legislation authorizes it to promulgate rules and regulations to carry out its statutory responsibilities, the validity of those rules, and the interpretations which the agency gives to them, will be upheld if they are reasonably related to the purposes of the enabling legislation. *Committee to Save the Bishop's House, Inc.* v. *Medical Center Hospital of Vermont, Inc.*, 137 Vt. 142, 150, 400 A.2d 1015, 1019 (1979); *In re Brooks*, 130 Vt. 83, 85–86, 286 A.2d 279, 281 (1971). And, since the Church does not contest the findings of the superior court, these findings are controlling and "will be read to support the judgment if they reasonably may be." *Brattleboro Child Development, Inc.* v. *Town of Brattleboro*, 138 Vt. 402, 406, 416 A.2d 152, 155 (1980).

The sole issue on appeal is whether the Church building is a "development" under Act 250. Under 10 V.S.A. § 6001(3) development is defined as:

> the construction of improvements on a tract or tracts of land, owned by or controlled by a person, involving more than 10 acres of land within a radius of five miles of any point on any involved land, for *commercial* or industrial *purposes*. (Emphasis added.)

Pursuant to 10 V.S.A. § 6025, the State has adopted certain rules to assist in the interpretation and administration of Act 250. Environmental Board Rule 2(L) defines commercial purpose, as used in 10 V.S.A. § 6001(3), as:

> the provision of facilities, goods or services by a person other than for a municipal or state purpose to others in exchange for payment of a purchase price, fee, contribution, donation or other object having value.

The Church concedes that, under Rule 2(L), it provides a facility to others for purposes that are neither municipal nor state. It contends, however, that the phrase "in exchange for" imposes a requirement that the facility be available only to those who, wishing to use the facility, pay to the Church a "purchase price, fee, contribution, donation or other object having value." Since the court found that the Church does not require the users of its church facility to make any payment of any kind, the "in exchange for" phraseology of Rule 2(L) does not include the activities of the Church.

The Church's construction of "in exchange for," however, would impermissibly render the terms "contribution" and "donation" superfluous. See *State* v. *Tierney*, 138 Vt. 163, 165, 412 A.2d 298, 299 (1980) (defendant's proffered construction of statute would render statute's "specific enumeration . . . superfluous"). Both these terms connote the act of giving; a person cannot be required to give a donation in exchange for some consideration since by its very definition a gift is a voluntary transfer without consideration. *Williamson* v. *Johnson*, 62 Vt. 378, 380–81, 20 A. 279, 280 (1890).

The court, while finding that none of the Church's parishioners were required to make a payment in exchange for using the Church's facilities, also found that the majority of the Church's income was derived from the contributions and donations of its members. Based on this uncontested finding, the court concluded that "[w]hile there is no quid pro quo exchange involved, it is clear that the Church could not provide the facilities and services to its members unless it received the contributions and donations from its members." In other words, there is a de facto exchange of the Church's facilities and services for donations and contributions.

 This de facto interpretation of the "in exchange for" wording of Rule 2(L) appears to us to be in keeping with both the purpose and spirit of Act 250. See *Town of Cambridge* v. *Bassett*, 142 Vt. 171, 177, 453 A.2d 413, 416 (1982) (true rule of construction is to look to subject matter, effects and consequences and to reason and spirit of the law). Act 250 speaks to land use and not to the particular institutional activity associated with that land use; to exclude a church from the provisions of Act 250 simply because of its evangelical services could not be justified on environmental grounds. See findings

and declaration of intent, 1969, No. 250 (Adj. Sess.), § 1. Under 10 V.S.A. § 6001(3) there are certain land uses that are expressly excluded from the definition of development; neither religious nor other nonprofit uses, such as hospitals, are so excluded.

*Affirmed.*