## State of Vermont v. Rahel Barrows

[614 A.2d 377]

No. 92-053

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed May 15, 1992

*Peter R. Neary*, Rutland County Deputy State's Attorney, Rutland, for Plaintiff-Appellee.

*Charles S. Martin* of *Martin & Paolini*, Barre, for Defendants-Appellants.

*E.M. Allen*, Defender General, and *Henry Hinton*, Appellate Defender, Montpelier, for amicus curiae Office of the Defender General.

**Gibson, J.** Rahel Barrows, who is charged with murder, and his private investigator, E. Guy Paradee, appeal an order holding Paradee in civil contempt for refusing to answer deposition questions about witnesses he had interviewed. The State asked Paradee to reveal if he had spoken to a particular witness and to hand over any statements he had obtained from witnesses listed by the State. Appellants contend the State has no right to these statements and that the request violates the work-product privilege of Barrows' counsel and Barrows' constitutional rights under Chapter I, Article 10 of the Vermont Constitution. The State moved to dismiss the appeal on the ground that it is not an appeal from a final order. We deny the motion to dismiss and vacate the trial court's contempt order, holding that it was error to order defendant's investigator to disclose witness statements to the prosecution. Because we find that the State has no authority under statute or rule to obtain witness statements from the defense, we do not reach the work-product or constitutional issues raised by appellants.

I.

In February 1991, Barrows was charged with murder and burglary. In preparing Barrows' defense, his attorneys hired E. Guy Paradee as a private investigator. Subsequently, the State listed Paradee as a potential witness. In July 1991, the State served Paradee with a notice of deposition and a subpoena duces tecum, ordering Paradee to bring to the deposition any

witness statements he had obtained during his investigation. Defendant moved to quash the subpoena and for a protective order, on grounds that Paradee was not a witness and that any statements he had obtained were the work product of the defense. The trial court denied the motions, but granted a limited protective order preventing the State from inquiring into work product as defined by V.R.Cr.P. 16(d)(1). Because the ruling left open possible inquiry into witness statements obtained by Paradee, the defense filed a motion for permission to appeal and a motion to stay the order. These motions were denied. Defendant then moved in this Court for permission to appeal and for a stay of the deposition pending the outcome of the appeal. We denied the motion.

The Paradee deposition went forward on December 4, 1991, but foundered when defendant's attorneys objected to the State's questions about statements made to Paradee by a potential witness. The parties went before the court, which reiterated that witness statements obtained by Paradee, either written or oral, should be disclosed. Back in the deposition, the same objections arose again and Paradee refused to answer the State's questions. The parties returned to the court, which found Paradee in contempt, and he was taken into custody. Defendant's attorneys filed a notice of appeal of the contempt order and a motion to suspend execution. The trial court granted the stay and Paradee was released. At a subsequent status conference, the court, at the request of the State, vacated the stay, and Paradee was again subpoenaed. On February 3, 1992, defendant's attorneys filed with this Court a motion for stay of the contempt order. We granted that motion and expedited the appeal.

## II.

We deal first with the question of jurisdiction. The State argues that we cannot hear this appeal because there has been no final judgment from which an appeal may be taken. V.R.A.P. 4; *State v. Hohman*, 137 Vt. 102, 104, 400 A.2d 979, 980 (1979) (judgment of conviction "is the final order from which an appeal must be taken within the provisions of V.R.A.P. 4"). We agree with appellants, however, that the contempt order against Paradee is a final order and is appealable as of right. It conclusively determines Paradee's rights and leaves nothing for

the court to do but execute the judgment. See *In re Burlington Bagel Bakery*, 150 Vt. 20, 21, 549 A.2d 1044, 1045 (1988); 15B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3914.23, at 140 (1992) (nonparty may appeal order of civil contempt). We have observed that

> where a nonparty seeks a collateral order appeal of the court's refusal to quash a subpoena against it, the federal courts have insisted that the matter ripen into a contempt proceeding so that there is nothing left for court action but the execution, and the nonparty has formally been brought into the proceeding.

*In re F.E.F.*, 156 Vt. 503, 508, 594 A.2d 897, 901 (1991).

The State argues that even if the order is final as to Paradee, it is not final as to defendant. This makes no practical difference. Defendant's rights are tied to the Paradee contempt order in such a way that justice and judicial economy can be served only by dealing with the issue now. We therefore proceed to the merits.

## III.

The question before us is whether the State has the power to subpoena witness statements from the defense in a criminal case. The State contends that the trial court has broad discretion in discovery matters and may allow discovery even where no statute or rule explicitly permits it. The State supports this position by pointing to the reporter's notes to V.R.Cr.P. 16, which state that "justice is best served and speedy disposition of cases is encouraged if both sides have equal access to sources of potential evidence." According to the State, the trial court was acting within its discretion in applying the discovery rules to order disclosure of witness statements made orally or in writing to Mr. Paradee.

Appellants assert that no such broad latitude exists for discovery in criminal matters. They argue that the common law prohibited demands for statements from another party, and that the only exceptions to this prohibition with respect to defendant are the provisions of V.R.Cr.P. 16.1. Since the material demanded by the State is not included in the rule, appellants contend it is not discoverable. We agree.

■ To resolve this issue, we must look to the language of the rules. This is because the common law made no provision in criminal proceedings for either side to examine written statements in the possession of the other side. *State v. Lavallee*, 122 Vt. 75, 77, 163 A.2d 856, 858 (1960); see also *State v. Mahoney*, 122 Vt. 456, 460, 176 A.2d 747, 749 (1961) (statute provided authority for defendant to take testimony by deposition, a procedure otherwise in derogation of common law); 6 Wigmore, Evidence § 1859g (Chadbourn rev. 1976)(no right at common law for prosecution or accused to inspect documents of other side). The common law retains its authority wherever it has not been displaced or overturned by a clear and unambiguous statute or rule. 1 V.S.A. § 271; *State v. Brown*, 147 Vt. 324, 327, 515 A.2d 1059, 1061 (1986) ("A statute does not change common law by doubtful implication . . . .").

In 1961, the Vermont Legislature enacted 13 V.S.A. §§ 6721–6727, which allowed defendants in criminal cases to depose State witnesses. See *Mahoney*, 122 Vt. at 458, 176 A.2d at 748. In 1973, we adopted the Rules of Criminal Procedure, and the Legislature repealed 13 V.S.A. §§ 6721–6727. 1973, No. 118, § 25; see Reporter's Notes, V.R.Cr.P. 15. Rule 16.1 provides for disclosure by the defense. While the rule calls for disclosure of the names and addresses of defense witnesses, it is silent as to any witness statements in the possession of the defense. The reporter's notes make clear, however, that only those items "specifically covered" by the rule are discoverable. Reporter's Notes, V.R.Cr.P. 16.1.

Although some states have enacted rules allowing the prosecution to discover defense witness statements in criminal cases, see, e.g., Ariz.R.Cr.P. 15.2(c)(1); Ill. Rev. Stat. ch. 110A, para. 413(d)(i), Vermont is not among them. States without such rules have held that the prosecution cannot obtain witness statements in the possession of the defense. See *Richardson v. District Court*, 632 P.2d 595, 599 (Colo. 1981) (prosecution denied discovery of statements of nonexpert defense witnesses made to defense investigator; "trial court's authority to grant discovery . . . must be limited to the categories expressly set forth in the rule"); *State v. Whitaker*, 202 Conn. 259, 266, 520 A.2d 1018, 1022–23 (1987) (alibi provisions authorize disclosure of names and addresses of alibi witnesses, but do not mention

statements of alibi witnesses, which are therefore not disclosable); *People v. Paris*, 166 Mich. App. 276, 278, 420 N.W.2d 184, 186 (1988) (until state Supreme Court adopts a rule authorizing discovery of statements of defense witnesses, trial court may not order such discovery).

We thus disagree with the trial court's conclusion that Rule 15, allowing for deposition of witnesses by a defendant or the State, provides authority to grant the State's demands in this case. The trial court's ruling does not take into account the different discovery limits embodied in the rules for the State and the defendant. Rule 15 is in keeping with a policy of broad discovery. Reporter's Notes, V.R.Cr.P. 15. It sets forth procedures for the taking of depositions by the defendant and the State, but does not define the limits of discovery. Rules 16 and 16.1, however, specify the obligations of the State and the defendant, respectively, for providing discovery to the opposing party. The obligations are not identical. The State is required to provide a much broader range of information than the defendant. For example, a defendant is entitled to inspect and to copy "any books, papers, documents, photographs . . . or tangible objects . . . which are material to the preparation of the defense." V.R.Cr.P. 16(a)(2)(D); *State v. Bailey*, 144 Vt. 86, 92, 475 A.2d 1045, 1049 (1984) (prosecutor must disclose "'evidence favorable to an accused . . . where the evidence is material either to guilt or to punishment'") (quoting *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). A defendant may also depose a police officer. See *Mahoney*, 122 Vt. at 461, 176 A.2d at 750 (Legislature clearly intended to allow deposition of witness whose testimony might assist defendant in preparation of case).

■■ The discovery obligation of the defendant is more limited under Rule 16.1. See Reporter's Notes, V.R.Cr.P. 15 (deposition subpoena may include requests for items not already disclosed "*under appropriate provisions of Rules 16 and 16.1*" (emphasis added)); Reporter's Notes, V.R.Cr.P. 16.1 (prosecution not allowed discovery of documents and tangible objects, "other than those specifically covered"). With respect to witnesses, Rule 16.1 provides that, on request of the prosecutor, the defense attorney shall disclose the names and addresses of persons the defense intends to call as witnesses. The prosecutor may, of course, interview such witnesses, but nowhere does the

rule require the defense to allow the prosecutor access to witness statements in its possession. In light of the limited language of the rules and the restrictions of the common law, we hold that the State may not subpoena witness statements taken by defendant's investigator.

Finally, we address the State's argument that fairness requires granting the prosecution similarly broad discovery rights to those already granted the defense. The State quotes the United States Supreme Court: "[T]he ends of justice will best be served by a system of liberal discovery which gives both parties the maximum possible amount of information with which to prepare their cases and thereby reduces the possibility of surprise at trial." *Wardius v. Oregon*, 412 U.S. 470, 473 (1973). In *Wardius*, the Supreme Court held that due process principles forbid the State from requiring a defendant to reveal his alibi defense if there is not a reciprocal right for defendant to discover the State's rebuttal witnesses. *Id.* at 472. Thus, a policy of liberal discovery is not, as the State suggests, a policy of leveling the playing field. The *Wardius* Court itself recognized this. "[T]he State's inherent information-gathering advantages suggest that if there is to be any imbalance in discovery rights, it should work in the defendant's favor." *Id.* at 475 n.9. Without determining whether or to what degree an imbalance exists in Vermont's discovery rules for criminal matters, we hold that the trial court abused its discretion in ordering discovery of witness statements in the possession of the defense absent a specific statute or rule provision authorizing such discovery.

*Motion to dismiss denied. The contempt order is vacated and the case remanded to the trial court for further proceedings.*