STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of
        Davine Bigelow, et al.          }          Docket No. 8-1-00 Vtec

Decision and Order on Motion for Partial Summary Judgment

Appellants appealed from the December 3, 1999 decision issued by the Zoning Administrator as a decision of the Planning Commission and Zoning Board of Adjustment (PC/ZBA) of the Town of Danville granting a zoning permit to the Danville Rescue Squad. Appellants are represented by Edward R. Zuccaro, Esq.; Appellee-Applicant Danville Rescue Squad, Inc. is represented by Charles D. Hickey; the Town is represented by Judith A. Salamandra Corso, Esq. Appellants have moved for summary judgment on the question of whether the project requires conditional use approval, and on whether Appellants are entitled to a trial de novo on all issues relating to the appealed permit.

Appellee-Applicant is a Vermont not-for-profit corporation which uses volunteers to provide emergency services to the general public in the Town of Danville and surrounding communities. The project involves new headquarters for Appellee-Applicant, including a garage, office space, a meeting room, storage, handicapped parking, and lighting. It is located on Brainard Street the Medium Density Residential One zoning district and in a Design Control district. Although the application was not provided to the Court with this motion, Appellee-Applicant apparently applied for a conditional use permit, a subdivision permit, a design control permit, and a variance. The proposal apparently required variances for the rear setback (71.6 feet where 100 feet is required); both side setbacks (35 feet and 16 feet where 70 feet is required); and for the minimum lot size (.669 acres where 3 acres is required).

The document which has been presented to the Court as the "decision" of the Planning Commission and Zoning Board of Adjustment is entirely inadequate. First, it is

1

not signed by any members of either body. It is possible that the actual decisions were made more adequately in the minutes of the ZBA or Planning Commission, but if such minutes have been prepared by either body and adopted, they have not been submitted to the Court. The so-called decision itself makes no findings whatsoever on any of the criteria which must be found to issue a conditional use permit under §207, approve a site plan for a project in a design control district under §§208 and 401, or grant a variance under 24 V.S.A. §4468. The subdivision regulations have not been provided, so that the Court cannot tell what type of approval is required.

At the last conference held in this matter, the parties informed the Court that a revised subdivision permit application was to have been filed which would obviate the need for the variances, but the Court has not been provided with any further information about this application or its outcome.

Normally, when faced with a decision of the ZBA entirely devoid of findings, this Court has remanded it for the ZBA to address the application under the standards in the Zoning Regulations. See, e.g., In re Appeal of Highgate Springs Protective Assn., Docket No. 125-8-97 Vtec (Vt. Envtl. Ct., May 4, 1998). However, in the present case the parties seem to agree that the ZBA did address the application on the record, and that it is merely the written permit which is defective. Accordingly, the matter will be set for a hearing on the merits of the application before this Court. That hearing is de novo in this Court.

The proposal does not fall within any of the permitted use categories in the Medium Density Residential One district. It does fall within the conditional use category of "commercial use," as it is land used for the "provision of services." Appellee-Applicant agrees that it is a conditional use, but would prefer for the proposal to be classified as a "quasi-public building," because it is a non-profit organization. The Danville Zoning Bylaw limits the term "public facility" to governmental usage, but does not define "public or quasi-public building."

The primary purpose of the project, as the Court understands it, is to provide a garage, offices, and meeting room for the non-profit organization which is engaged in providing emergency services. It is not primarily a building which is open to the public, and therefore does not fall into the category of "quasi-public building." The fact that the

2

organization is a non-profit one does not remove it from the definition of "commercial" as that term is defined in the Danville Zoning Bylaw. See, <u>In re Spring Brook Farm Foundation</u>, 164 Vt. 282 (1995); <u>In re Baptist Fellowship of Randolph</u>, 144 Vt. 636 (1984).

Accordingly, based on the foregoing, Appellants' Motion for Partial Summary Judgment is GRANTED. The application requires (at least) a conditional use permit, and a hearing on the merits of the application will be set to take evidence on that application. A telephone conference will be held in this matter on August 25, 2000, to discuss whether any other issues will be before the Court at that hearing.

Done at Barre, Vermont, this 10th day of July, 2000.

_____
Merideth Wright
Environmental Judge

3