NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2022 VT 28

Nos. 2020-041 & 2021-151

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Rutland Unit, |
| | Criminal Division |
| | |
| Roy H. Kuhlmann | May Term, 2022 |

Thomas A. Zonay, J.

Matthew Valerio, Defender General, and Joshua S. O'Hara and Rebecca Turner, Appellate Public Defenders, Montpelier, for Appellant.

Rosemary Kennedy, Rutland County State's Attorney, and L. Raymond Sun, Deputy State's Attorney, Rutland, for Appellee.

PRESENT: Reiber, C.J., Eaton, Carroll, Cohen and Waples, JJ.

¶ 1. **EATON, J.** Defendant Roy H. Kuhlmann appeals the criminal division's denial of his pro se motion for a new trial filed during the pendency of his appeal from sentencing and final judgment. We conclude that the trial court did not have jurisdiction to consider defendant's motion and therefore affirm.

¶ 2. The uncontested procedural history of this case is as follows. Defendant was initially charged in February 2018 and a jury convicted him of five charges on February 12, 2019. Defendant had assistance of counsel for the duration of this matter post-trial, although his representation changed several times throughout. Defendant says that the day after the verdict, he wrote a pro se motion for a new trial, which he at some point mailed to his mother for her to send

to the court via certified mail. The court never received this document and defendant has been unable to locate proof of receipt. His mother is now deceased. Defendant wrote another pro se motion for a new trial, which he hand-dated February 16, 2019, and at some time mailed to his mother for her to mail to the court. This motion was entered into Odyssey, the judiciary's online-filing system, as a "letter from defendant," and backdated to February 16, 2019; however, the court never date-stamped it or stamped it as filed, and there is no evidence of when or how the court received it. The court did not rule on this document.

¶ 3. On February 22, 2019, defense counsel filed a motion for acquittal and a motion for a new trial. The trial court denied both motions on March 15, 2019. That same month, defendant filed a pro se motion for a "mistrial," which went unanswered.

¶ 4. Following his sentencing on June 25, 2019, defendant filed three pro se notices of appeal on July 3, 5, and 11, respectively. Defendant's appeal from his conviction and sentencing was accepted and entered as Docket No. 2019-237. See State v. Kuhlmann, 2021 VT 52, __ Vt. __, 260 A.3d 1115.

¶ 5. On December 12, 2019, while his appeal in Docket No. 2019-237 was pending, defendant filed another pro se motion for a new trial. The criminal division denied this motion, concluding that it was untimely and noting that defendant had already appealed his conviction. On January 16, 2020, defendant responded to the trial court in a letter that argued his motion was timely and included a copy of his February 2019 pro se motion. The same day, defendant filed a pro se notice of appeal from the trial court's denial of his December 2019 motion. This appeal was accepted and entered as Docket No. 2020-041.

¶ 6. In August 2020, defendant, represented by the Defender General's Office for his appeal in Docket No. 2020-041, and the State filed a joint motion stipulating that the criminal division did not adequately state its basis for denying defendant's December 2019 motion for a new trial and requesting this Court remand the case to the trial court "for further findings

2

addressing more fully the issues of (1) whether the untimeliness of the motion for [a] new trial was due to excusable neglect, V.R.Cr.P. 45(b), and (2) how the pendency of an appeal affected the [criminal division's] disposition of the motion." Based on the parties' stipulation, we granted the motion, remanded the matter to the trial court for consideration of the two issues presented in the joint motion, and placed defendant's appeal in Docket No. 2020-041 on waiting status.[1]

¶ 7.     On remand, the criminal division reiterated its denial of defendant's December 2019 motion for a new trial and expanded upon its reasoning. It first concluded that the motion was untimely because it was filed approximately 300 days after final judgment, well after the fourteen-day limit prescribed in Vermont Rule of Criminal Procedure 33. Relying on the facts above, the court determined that defendant had not shown excusable neglect to justify an extension of time to file this motion under Vermont Rule of Criminal Procedure 45(b)(1). Moreover, it stated that even if defendant's motion were timely, the court was not required to consider it under Vermont Rule of Criminal Procedure 49(d) because it was not signed by an attorney and defendant had not obtained permission for hybrid representation. Lastly, as separate grounds for denying the motion, the criminal division concluded that it did not have jurisdiction to consider the motion while defendant's appeal in Docket No. 2019-237 was pending in this Court.

¶ 8.     The next day, we terminated the remand and removed defendant's appeal in Docket No. 2020-041 from waiting status. Defendant filed a notice of appeal from the trial court's order issued during the remand, which was entered as Docket No. 2021-151. We consolidated the two dockets for this appeal.

---

[1]   The criminal division was obliged to remain within the contours of our remand as it considered the motion for a new trial below and could not have reached the merits of defendant's motion. See In re FitzGerald, 2020 VT 14, ¶ 35, 212 Vt. 135, 229 A.3d 446 (explaining that "on remand the trial court is constrained to follow our specific directions" (quotation omitted)).

¶ 9.     On appeal, defendant requests that we reverse and remand for the trial court to consider his December 2019 motion for a new trial on the merits.  He argues that the trial court had jurisdiction to consider his December 2019 motion because trial courts retain jurisdiction to consider any motion filed while an appeal is pending absent a specific statute stating a rule to the contrary.[2]  To support this argument, he contends that the rule stated in Kotz v. Kotz, 134 Vt. 36, 38, 349 A.2d 882, 884 (1975), that "when a proper notice of appeal from a final judgment or order of the lower court is filed the cause is transferred to this Court, and the lower court is divested of jurisdiction as to all matters within the scope of the appeal," is no longer good law in light of the 1974 constitutional reorganization of Vermont courts.  He also argues that the criminal division should not have denied his motion as untimely under Rule 45, because he needed only—and did— show good cause for the delay in filing.  His last argument is that the criminal division erred in denying his pro se motion for lack of an attorney signature under Rule 49(d), because in doing so, it effectively denied him the opportunity to pursue hybrid representation without exercising its discretion on whether hybrid representation would be appropriate in his case.

¶ 10.     We conclude that the criminal division lacked jurisdiction to consider defendant's December 2019 motion for a new trial, and therefore do not reach defendant's other arguments.

---

[2]  At oral argument, the State conceded that defendant's February 2019 motion for a new trial was timely, and implied that this Court could evade the issue of jurisdiction on appeal.  We disagree.  Defendant asks us to conclude that the trial court had jurisdiction to consider a motion filed in December 2019, not February 2019.  Assuming without deciding that any error regarding the criminal division's failure to address the motion dated February 2019 was preserved, defendant waived that argument on appeal when he did not present it in his appellate briefing.  State v. Godfrey, 2010 VT 29, ¶ 27, 187 Vt. 495, 996 A.2d 237.  Review therefore could only be for plain error, an exceptional circumstance that requires, inter alia, any error to be obvious.  See State v. Yoh, 2006 VT 49A, ¶¶ 37, 39, 180 Vt. 317, 910 A.2d 853 ("First, there must be an error; second, the error must be obvious; and third, it must affect substantial rights and result in prejudice to the defendant.").  There was no obvious error in this case because the parties could not concede to a fact absent from the record on appeal to demonstrate jurisdiction.  See Duprey v. Harrington, 103 Vt. 274, 276, 153 A. 355, 356 (1931) (explaining that facts supporting jurisdiction must appear on face of record); see also Inwood Lab'ys, Inc. v. Ives Lab'ys, Inc., 456 U.S. 844, 857 n.19 (1982) (declining to take judicial notice of facts not in record).

¶ 11.   Whether the trial court had jurisdiction to consider defendant's motion is a question of law reviewed de novo. Paige v. State, 2013 VT 105, ¶ 8, 195 Vt. 302, 88 A.3d 1182.

¶ 12.   Under the Vermont Constitution, "[t]he judicial power of the State shall be vested in a unified judicial system which shall be composed of a Supreme Court, a Superior Court, and such other subordinate courts as the General Assembly may from time to time ordain and establish." Vt. Const. ch. II, § 4. The Vermont Supreme Court's jurisdiction is derived from the Constitution, which states this Court "shall exercise appellate jurisdiction in all cases, criminal and civil, under such terms and conditions as it shall specify in rules not inconsistent with law." Id. ch. II, § 30. Trial courts, on the other hand, have "jurisdiction as provided by law," id. ch. II, § 31, meaning their jurisdiction is " 'shaped by the [L]egislature.' " In re Mountain Top Inn & Resort, 2020 VT 57, ¶ 24, 212 Vt. 554, 238 A.3d 637 (quoting State v. Saari, 152 Vt. 510, 518, 568 A.2d 344, 349 (1989)).

¶ 13.   To effectuate this constitutional framework, the legislature has promulgated several statutes on the subject of jurisdiction. Three are of note for this appeal. The criminal division has jurisdiction over criminal matters, 4 V.S.A. § 30(a)(1)(B), and to "try, render judgment, and pass sentence in prosecutions for felonies and misdemeanors." Id. § 32(a). Meanwhile, this Court has "exclusive jurisdiction of appeals from judgments, rulings, and orders of the Superior Court . . . unless otherwise provided by law." Id. § 2(a).

¶ 14.   There is no debate that this Court had appellate jurisdiction over defendant's appeal from final judgment and sentencing when defendant filed his December 2019 motion for a new trial. The issue presented at its core is about what appellate jurisdiction might limit and how it impacts the trial court's jurisdiction. Kotz is controlling precedent that answers this question: "when a proper notice of appeal from a final judgment or order of the lower court is filed the cause is transferred to this Court, and the lower court is divested of jurisdiction as to all matters within the scope of the appeal." 134 Vt. at 38, 349 A.2d at 884. This rule preserves appellate jurisdiction

5

by preventing the trial court from "proceed[ing] in any manner so as to affect the jurisdiction acquired by the appellate court or defeat the right of the appellants to prosecute the appeal with effect." State ex rel. Gattman v. Abraham, 729 P.2d 560, 566 (Or. 1986) (quotation omitted). The basic principle is that the same issues should not pend in both the trial court and the appellate court at the same time. See 4 C.J.S. Appeal & Error § 507 (2022). "The general rule against dual jurisdiction serves two important interests: judicial economy, for it spares the trial court from passing on questions that may well be rendered by the decision of the [appellate court]; and considerations of fairness to parties who might otherwise be forced . . . to fight a 'two front war' for no good reason." United States v. Diveroli, 729 F.3d 1339, 1342-43 (11th Cir. 2013) (quotation omitted). These concerns are at their peak where the decision of the trial court could nullify an appellate court's decision. Id. at 1343.

¶ 15. Notably, this rule is not absolute. The rule stated in Kotz does not claim to deprive the trial court of all jurisdiction over the parties or even the case on appeal in its entirety. It simply states that a trial court no longer has jurisdiction over "matters within the scope of the appeal." 134 Vt. at 38, 349 A.2d at 884; cf. V.R.A.P. 5.1(c)(3) (explaining that trial courts have jurisdiction over collateral issues while appeal is pending under collateral-order doctrine); Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 225 (2d Cir. 2004) (stating rule that "notwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters"). It is also subject to exceptions. See, e.g., V.R.F.P 12(d)(2); V.R.A.P. 8(c)(2); V.R.C.P. 62(d)(2).

¶ 16. Defendant's December 2019 motion for a new trial raised matters within the scope of defendant's appeal. The issues raised in defendant's new-trial motion challenged the validity of his conviction based on evidence in the record: bias of the trial judge; denial of his request for a bench trial; his wearing jail clothing during the trial; denial of his motion to dismiss; and defense counsel's failure to call known witnesses to impeach complainant. Since final judgment was on appeal in this Court, we had jurisdiction over the issues encompassed in the record leading up to

6

final judgment. See V.R.A.P. 3(a) ("An appeal from a judgment preserves for review any claim of error in the record . . . ."). Also, were the trial court to grant defendant's motion for a new trial, it would have mooted this appeal and impacted this Court's ability to review the questions presented in Docket No. 2019-237. See Abraham, 729 P.2d at 566 (explaining purpose of rule is to preserve effective appellate review). Therefore, the rule stated in Kotz squarely applies and the trial court did not have jurisdiction over the motion.

¶ 17. To the extent that defendant argues the rule stated in Kotz is a vestige of a bygone era that ended with the constitutional reorganization of Vermont courts in 1974, we cannot agree. We have applied the rule that a proper notice of appeal divests the trial court of jurisdiction over issues within the scope of the appeal consistently for decades since Kotz. See, e.g., State v. Hohman, 137 Vt. 102, 104, 400 A.2d 979, 980 (1979); Casella Constr., Inc. v. Dep't of Taxes, 2005 VT 18, ¶ 6, 178 Vt. 61, 869 A.2d 157; In re Petition of GMPSolar-Richmond, LLC, 2017 VT 108, ¶ 17, 206 Vt. 220, 179 A.3d 1232; see also Stevens v. Essex Junction Zoning Bd. of Adjustment, 139 Vt. 297, 301, 428 A.2d 1100, 1102 (1981) (acknowledging Kotz but concluding it did not apply to facts of case).

¶ 18. Further, this rule is in line with the constitutional and statutory framework of Vermont courts. The Vermont Constitution gives this Court the power to exercise appellate jurisdiction and issue rules not inconsistent with the law regarding its exercise. Vt. Const. ch. II, § 30. Appellate jurisdiction means more than the mere ability to hear an appeal; it is the power to "revise[] and correct[] the proceedings in a cause." Marbury v. Madison, 5 U.S. 137, 175 (1803). The rule that a proper notice of appeal transfers jurisdiction over certain issues from the trial court to this Court thus facilitates our ability to exercise appellate jurisdiction so that we may effectively review the proceedings below. The rule also does not run afoul of any statutes. Our appellate jurisdiction is exclusive absent law to the contrary. 4 V.S.A. § 2(a). Exclusive jurisdiction is not only the ability to hear a specific type of action, but the ability to decide a specific issue in an

7

action. See Jurisdiction, Black's Law Dictionary (11th ed. 2019) (defining "exclusive jurisdiction" as "[a] court's power to adjudicate an action or class of actions to the exclusion of all other courts"). Reading these constitutional and statutory provisions together, the rule in Kotz aligns with—as opposed to undermines—this scheme. Accordingly, defendant's contention that the trial courts have unlimited power to hear and dispose of motions while an appeal is pending is contrary to this Court's exclusive appellate jurisdiction.

¶ 19.     Also, the rule in Kotz does not expand the jurisdiction of this Court or limit the jurisdiction of the criminal division; it simply manages the jurisdictional relationship between courts addressing the same cause consistent with the Vermont Constitution and statutes. Although the criminal division may not decide issues within the scope of a pending appeal, this does not impinge its ability to exercise its jurisdiction to render judgment in criminal prosecutions. See 4 V.S.A. § 32(a). Final judgment is a prerequisite for appellate jurisdiction, unless the appeal is interlocutory, so the criminal division will have exercised its jurisdiction to render judgment before an appeal is taken in most cases. Huddleston v. Univ. of Vt., 168 Vt. 249, 251, 719 A.2d 415, 417 (1998). Moreover, in situations where all issues are not decided prior to appeal, an appeal still does not deprive the trial court of jurisdiction over the cause upon remand or over issues collateral to the appeal while the appeal is pending. See supra, ¶ 15. For example, the criminal division may consider a motion for a new trial before an appeal is taken or preemptively extend the time for filing the motion pursuant to Vermont Rule of Criminal Procedure 45 to hear a motion filed after an appeal is decided, consistent with the law of the case. See V.R.Cr.P 33; V.R.Cr.P. 45; V.R.A.P. 4.

¶ 20.     Defendant relies on the federal system as an example of trial courts maintaining jurisdiction while an appeal is pending and encourages us to adopt a similar procedure; however, he misunderstands the rules applied in federal courts. In the federal system, as in Vermont, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the

8

court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (per curiam). "However, this general rule is subject to the exception that a district court may consider such matters as authorized by statute or rule." United States v. Ellison, 557 F.2d 128, 132 (7th Cir. 1977). The federal cases cited in defendant's briefs all involve the interpretation and application of federal rules of procedure that create exceptions to the general rule, in particular Federal Rule of Criminal Procedure 33. See id.; United States v. Fuentes-Lozano, 580 F.2d 724 (5th Cir. 1978) (per curiam); United States v. Cronic, 466 U.S. 648, 667 n.42 (1984). Accordingly, these federal examples do not support defendant's argument attacking the general rule that an effective notice of appeal divests the trial court of jurisdiction over issues within the scope of the appeal.[3]

¶ 21. In fact, defendant waived any argument that an exception to the general rule stated in Kotz applies in this case when he failed to argue that Vermont Rule of Criminal Procedure 33 applies in his initial appellate brief.[4] See Godfrey, 2010 VT 29, ¶ 27 (noting that challenges raised at trial level but not briefed on appeal are generally waived); Horicon v. Langlois' Est., 115 Vt. 470, 478, 66 A.2d 16, 21 (1949) ("The function of the reply brief is limited to answering the

---

[3] Defendant cites to the federal concept of claim-processing rules, which was not presented below, in passing without fully explaining how they factor into his argument. See Henderson v. Shinseki, 562 U.S. 428, 435 (2011) (explaining that claim-processing rules are court rules that "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times"). We decline to address the concept of claim-processing rules in this case because the argument is neither preserved nor fully briefed for review. See State v. George, 2022 VT 21, ¶ 22 n.4, __ Vt. __, __ A.3d __ (explaining that we will not address unpreserved and inadequately briefed issues).

[4] Under Rule 33, if a motion for a new trial is filed while an appeal is pending and the court intends to grant the motion, it may only do so upon remand. V.R.Cr.P. 33. Under the federal rule that uses similar language, see F.R.Cr.P. 33, if an appeal is pending when a motion for a new trial is filed, a trial court may defer considering the motion, deny the motion, or inform the court of the appeals that it would grant the motion if the court of appeals remands. F.R.Cr.P. 37(a); see also Ellison, 557 F.2d at 131-32 (explaining jurisdictional split on proper procedure for considering Rule 33 motion while appeal is pending and adopting approach later codified into Rule 37). Vermont does not have an equivalent to federal Rule 37, but we do not need to consider Vermont's procedure in this case.

contentions of the defendant as made in its brief. An exception previously waived cannot be presented therein as an after-thought and so is not for consideration."). We therefore need not interpret or apply Rule 33 here.

¶ 22. For the reasons explained above, we decline to overturn the general rule stated in Kotz that "when a proper notice of appeal from a final judgment or order of the lower court is filed the cause is transferred to this Court, and the lower court is divested of jurisdiction as to all matters within the scope of the appeal." 134 Vt. at 38, 349 A.2d at 884. Applying that rule in this case, we conclude that the trial court did not have jurisdiction to consider defendant's December 2019 motion for a new trial.

Affirmed.

FOR THE COURT:

_____
Associate Justice