Filed 05/09/25

VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 25-ENV-00006



| 32 Intervale, LLC et al. v. City of Burlington |
| --- |

## ENTRY ORDER

This is a declaratory judgment action brought by a group of Burlington property owners (collectively Plaintiffs) seeking to establish their status as pre-existing non-conforming uses under the City of Burlington's Short Term Rental ordinance(s). The City has filed a motion to dismiss this action for lack of subject matter jurisdiction. Responses and replies have since been filed, and the motion is ready to be taken under advisement. However, the Court is unable to rule on the City's motion or take any action in this case, as there is a separate issue of subject matter jurisdiction that is presently on appeal to the Vermont Supreme Court.

In 2023, Plaintiffs filed a functionally identical declaratory judgment action in the Chittenden Civil Division of the Vermont Superior Court. Both this action and Count I of the Civil Division action seek a determination that Plaintiffs' short-term rentals are lawful preexisting uses. In a decision dated February 8, 2024, the Civil Division dismissed Count I of Plaintiff's complaint, concluding that the Environmental Division has exclusive subject matter jurisdiction over this declaratory judgment action. 32 Intervale, LLC et al. v. City of Burlington, No. 23-CV-02886 (Vt. Super. Ct. Feb. 8, 2024) (Toor, J.). That decision is presently on appeal before the Vermont Supreme Court.

Our decision not to act is guided by the principles of comity and concurrent jurisdiction. Under the comity doctrine, when multiple courts have jurisdiction over the same dispute, one court should defer action on causes within its jurisdiction until the court which was first aware of the matter has issued a ruling. Nijensohn v. Ring, 2022 VT 16, ¶ 13, 216 Vt. 329 (citation omitted). "[C]ourts have discretion to stay or dismiss a proceeding if 'an action concerning the same parties and the same subject matter has been commenced in another jurisdiction…'" Id. (quotation omitted).

In Vermont, we recognize a similar principle when it comes to jurisdiction between the Superior Courts and the Supreme Court. When a proper notice of appeal from a final judgment is filed, the lower court is divested of jurisdiction as to all matters within the scope of the appeal. Kotz v. Kotz, 134 Vt. 36, 38 (1975). This is because the same issues should not pend in both the trial court and the appellate court at the same time. State v. Kuhlman, 2022 VT 28, ¶ 14, 217 Vt. 78 (explaining that the rule against dual jurisdiction serves the interests of judicial economy and considerations of fairness). This jurisdictional limitation is significant where the decision of the trial court could nullify an appellate court's decision. Id. (citation omitted).

Here, we are presented with two overlapping jurisdictional issues. First, we are faced with the same issues and parties that were involved in the Civil Division action. There is an open question as to which division has exclusive jurisdiction over the subject matter. While the Civil Division has issued its ruling on that question, that decision is now up on appeal. Accordingly, we leave it to the Vermont Supreme Court to determine which division has jurisdiction. So long as the Civil Division's decision is before the Supreme Court, which has exclusive appellate jurisdiction, including exclusive jurisdiction to decide the specific jurisdictional issue on appeal, this Court will not take any action. Id., ¶18. Otherwise, we would run the risk of creating conflicting rulings on the same jurisdictional issue and against the same parties. Accordingly, we will place this matter on inactive status until the Supreme Court answers the question of which division has jurisdiction.

Electronically signed on May 9, 2025, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division